1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
2    Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
3    865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
4  Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100
5

6  Attorney for Defendants
BangBros.com Inc. and Multi Media, LLC
7

8            UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10  DENIECE WAIDHOFER, an
individual; MARGARET MCGEHEE,
11  an individual; and RYUU LAVITZ,
LLC, a Massachusetts limited liability
12  company;

13           Plaintiffs,

14       vs.

15  CLOUDFLARE, INC., a Delaware
corporation; BANGBROS.COM, INC.,
16  a Florida corporation; SONESTA
TECHNOLOGIES, INC., a Florida
17  corporation; MULTI MEDIA LLC, a
California limited liability company;
18  CRAKMEDIA INC., a Canadian
corporation; and JOHN DOES 1-21, as-
19  yet unidentified individuals,

20         Defendants.

| Case No. 2:20-cv-06979 |
| --- |
| **DEFENDANTS MULTI MEDIA LLC AND BANGBROS.COM INC.'S OPPOSED *EX PARTE* APPLICATION FOR ORDER COMPELLING PRODUCTION OF COPYRIGHT REGISTRATIONS AND DEPOSIT MATERIALS** |
| **[DISCOVERY MATTER]** |

Complaint Filed:  August 3, 2020
FAC Filed:  November 4, 2020
Trial Date:  None

Judge:  Hon. Alka Sagar

21

22

23

24

25

26

27

28

TO THE COURT AND ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Multi Media LLC and BangBros.com Inc. (collectively the "Advertiser Defendants") will, and hereby do, apply *ex parte* (the "Application") for an order compelling plaintiffs Deniece Waidhofer, Margaret McGehee, and Ryuu Lavitz LLC (collectively "plaintiffs") to produce the copyright registrations on which they purport to base their claims of copyright infringement.

The Application is based on this Notice of *Ex Parte* Application, the Memorandum of Points and Authorities attached hereto, the Declaration of Michael T. Zeller filed concurrently herewith, all materials incorporated or relied upon in it, matters of which this Court may take judicial notice, and any and all other materials the Court deems proper.

Pursuant to Local Rule 7-19, after extensive unsuccessful efforts to resolve the issue raised by this *ex parte*, the Advertiser Defendants' counsel contacted plaintiffs' counsel by email communications and then by telephone voicemails on November 10, 2020 to advise counsel of the date and substance of the proposed ex parte application, as set forth in the Declaration of Michael T. Zeller, filed herewith.  Plaintiffs have stated that they intend to oppose the application.

DATED:  November 10, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  _____/s/ Michael T. Zeller_____
Michael T. Zeller
Attorney for Defendants Multi Media LLC and BangBros.com Inc.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### <u>Preliminary Statement</u>

Plaintiffs have sued the Advertiser Defendants for copyright infringement. Black letter law *requires* dismissal of a copyright suit by a plaintiff who had not properly registered the allegedly infringed works *before* filing suit. Yet, remarkably, plaintiffs here both failed to attach their purported copyright registrations and associated deposit materials to their complaint and now refuse to turn them over by a date certain. Indeed, plaintiffs have given various conflicting, evolving excuses for their stonewalling, but none of them justifies their withholding of these central documents. Plaintiffs' dilatory tactics are unfairly prejudicing the Advertiser Defendants in multiple respects, including their ability to prepare their motion to dismiss, which is currently due on November 18, 2020, to formulate document requests and other written discovery, to take and defend depositions, and to otherwise prepare their defenses in this action.

As a result, the Advertiser Defendants have been left with no choice but to seek relief on an *ex parte* basis. Absent an Order promptly compelling the production of the registrations and deposit materials, the Advertiser Defendants will be denied their rightful ability to use them in their motion to dismiss, which is due on November 18, 2020. Also absent the requested Order, the Advertiser Defendants will not have these indispensable documents to proceed with discovery and otherwise defend this case. Indeed, underscoring the bad faith of their delay tactics here, plaintiffs are demanding that the Advertiser Defendants produce witnesses for deposition while simultaneously refusing to turn over the copyright registrations and deposit materials that are necessary for those depositions to even proceed.

The Advertiser Defendants respectfully ask that the Court order plaintiffs to immediately produce all purported copyright registration certificates and all deposit materials on which they purport to rely in this litigation.

**Background**

On August 3, 2020, plaintiff Deniece Waidhofer filed her complaint ("Complaint") against the Advertiser Defendants, among others. Dkt. 1. Ms. Waidhofer sued the Advertiser Defendants for alleged copyright infringement, RICO violations, and a grab bag of other alleged torts. *Id.* As the Advertiser Defendants' October 14, 2020 Motion to Dismiss (Dkt. 59) made clear, the Complaint was fatally defective. Among other deficiencies, Ms. Waidhofer had "failed to meet the basic pleading requirement[]" of alleging that she had registered the copyrights on which she purported to base her claims. *Id.* at 6-7; *see also Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) (plaintiff must have been *issued*, not merely applied for, copyright registration before bringing suit). Indeed, Ms. Waidhofer conceded in her pleading that some of her purported registration applications were merely "pending." Dkt. 59 at 6-7; *see also* Dkt. 1 ¶ 69.

In response to the Advertiser Defendants' Motion to Dismiss, Ms. Waidhofer – along with two entirely new plaintiffs—filed a First Amended Complaint ("FAC") on November 4, 2020. Dkt. 68. In the FAC, plaintiffs allege (among other things) copyright infringement. This time, plaintiffs allege that they have been issued numerous copyright registrations. *Id.* ¶¶ 81-82, 99-100, and 116-117.[1] But plaintiffs fail to attach <u>any</u> of their purported registrations or deposit materials to the FAC.

The Advertiser Defendants' counsel contacted plaintiffs' counsel to request they provide the purported registration certificates and deposit materials that plaintiffs purport to rely upon in this case and that are prerequisites to suit. Zeller Decl., Ex. A; *Fourth Estate*, 139 S. Ct. at 887. Counsel for the Advertiser Defendants pointed out that Rule 26 requires plaintiffs to produce, without a discovery request, documents on which plaintiffs intend to rely to sustain their claims, which necessarily would include

---

[1] According to their allegations, the new plaintiffs' purported registrations were allegedly issued ***after*** the original Complaint was filed. *Id.* ¶¶ 100, 117.

the copyright registrations plaintiffs allege have been issued and the underlying deposit materials. Zeller Decl., Ex. A at 8-9. Plaintiffs' counsel refused, asserting that the Advertiser Defendants could propound discovery requests asking for the purported registrations. *Id.* at 7. After the Advertiser Defendants pointed out that this was both incorrect under the Rules and in any event would deny the Advertiser Defendants the ability to fully prepare the motion to dismiss by the Court's deadline and cause other delays, plaintiffs shifted to a new position—insisting that the Advertiser Defendants agree to produce documents with their initial disclosures on November 13, 2020. Although plaintiffs' arguments were replete with irrelevancies and false equivalences— plaintiffs have no motion to dismiss coming due soon, for example—the Advertiser Defendants nevertheless agreed to produce their documents. *Id.* at 3. Plaintiffs then reneged on that agreement by announcing that they would comply only if a separate, *unrelated* defendant—Cloudflare—produced all of its documents. *Id.* at 2.

Thus, despite the extensive efforts by the Advertiser Defendants to resolve this matter without motion practice, plaintiffs still refuse to provide their registrations and deposit materials (or even commit to a date certain as to when they will provide them) and necessitated this Application.

## Argument

## I. *EX PARTE* RELIEF IS NECESSARY TO ENSURE THAT THE ADVERTISER DEFENDANTS CAN TIMELY FILE THEIR MOTION TO DISMISS.

*Ex parte* relief is appropriate when "the ultimate relief requested cannot be calendared in the usual manner." *Z Best Body & Paint Shops, Inc. v. Sherwin-Williams Co.*, No. EDCV 16–2398–SVW (KKx), 2017 WL 3730515, at *2 (C.D. Cal. Aug. 29, 2017). The moving party must show its "case will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and it "is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id*. (internal citations and quotation marks omitted).

The Advertiser Defendants bring this *ex parte* Application because there is not enough time before their November 18, 2020 deadline to move to dismiss the FAC to bring a motion under the procedures set forth in Local Rule 37-3, which would permit a hearing before the Court no earlier than December 1, 2020.  Without the plaintiffs' purported copyright registrations and deposit materials (if they exist), the Advertiser Defendants and the Court will be denied essential information to assess whether plaintiffs properly registered their claimed works before filing suit as required.  *See Fourth Estate*, 139 S.Ct. at 892 (plaintiff does not meet the Copyright Act's registration requirement "when an application for registration is filed," but only "when the Register has registered a copyright after examining a properly filed application.").

Further, the parties had agreed to a schedule under which initial disclosures were due this week.  Zeller Decl., Ex. A at 14-15.  Without the purported registrations, the Advertiser Defendants will also be prejudiced in their ability to prepare their initial disclosures and otherwise defend the case.  The Advertiser Defendants are not at fault for their inability to bring a normally calendared motion: plaintiffs filed their FAC on November 4, 2020, by which time it would already have been impossible for the Advertiser Defendants to obtain a court order that plaintiffs produce the purported registration materials in time to move to dismiss by the November 18, 2020 deadline to do so (s*ee* Fed. R. Civ. P. 15(a)(3)) or prepare their initial disclosures in accordance with the agreed-upon schedule.

## II.   PLAINTIFFS' REFUSALS TO PRODUCE THE PURPORTED REGISTRATIONS ARE BASELESS

Plaintiffs' refusal to produce their purported copyright registrations and deposit materials contradicts both the letter and the spirit of Rule 26.  The very purpose of Rule 26 is to require parties to provide certain information and produce certain documents "without awaiting a discovery request."  Fed. R. Civ. P. 26(a)(1)(A).  Among the categories of required disclosures is "a copy—or a description by category and location—of all documents … that the disclosing party has in its possession, custody, or

control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). And, under binding Supreme Court authority, there can be no copyright lawsuit without an *issued* copyright registration *before* that suit is filed. *Fourth Estate,* 139 S.Ct. at 892. The plaintiffs' purported copyright registrations and deposit materials are accordingly directly relevant to the Advertiser Defendants' motion to dismiss for failure to properly state a claim, which is due shortly.[2]

Plaintiffs have no colorable basis for refusing to produce documents so foundational to their case.[3] Indeed, there is ample reason to believe plaintiffs are hiding these documents (to the extent they exist) because they will conclusively show that they were not properly obtained prior to the filing of the FAC. *See* Dkt. 68, ¶¶ 100, 117 (suggesting that plaintiffs are relying upon untimely copyright registrations). And if plaintiffs can refuse to provide such basic materials, or insist they will provide them only if an entirely unrelated defendant such as Cloudflare must agree to plaintiffs' also entirely unrelated discovery demands (Zeller Decl., ¶ 7; Ex. A at 1-2), plaintiffs will be

---

[2] Plaintiffs will likely argue the Advertiser Defendants may not or do not need such evidence to prepare a motion to dismiss. *See* Zeller Decl., Ex. A at 2, 7. Any such contention fails: under the incorporation by reference doctrine, a court analyzing a Rule 12(b)(6) motion may consider a document not attached to the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). As is indisputable here, the purported registrations that plaintiffs refuse to turn over are repeatedly referred to and relied upon in plaintiffs' FAC. Dkt. 68, ¶¶ 1, 7, 9, 12, 22-23, 73, 81-84, 87-98, 100-11, 117-20, 124-26, 134, 186, 194-95, 224-25, 232, 302, 305, 319-29.

[3] In correspondence (Zeller Decl., Ex. A at 11), plaintiffs attempted to rely on *Masterson v. Walt Disney Co.*, No. 18-CV-5966 MWF (PLAx), 2019 WL 1581400, at *5 (C.D. Cal. Jan. 29, 2019), for the idea that a plaintiff need not provide copies of its purported copyright registrations, but that case pre-dates *Fourth Estate.* Plaintiffs also ignore the subsequent history of the same case, in which the court (post-*Fourth Estate)* allowed the plaintiff to proceed only because she had by that point filed copies of her registrations. *Masterson v. Walt Disney Co.*, No. CV 18-5966-MWF (PLAx), 2019 WL 2879877, at *5 (C.D. Cal. May 8, 2019).

rewarded here for tying up this case and disregarding their basic obligations by simply demanding whatever conditions they can contrive, no matter how irrelevant or improper those conditions are.  Taken alone, and certainly taken together, plaintiffs' refusals and shifting, baseless excuses amount to bad faith.  *See Shame On You Productions, Inc. v. Banks*, 893 F.3d 661, 668 (9th Cir. 2018) (affirming district court ruling that plaintiff acted in bad faith by failing to produce copyrighted material in required initial disclosures and concluding that plaintiff's "primary motivation" was  "draining Defendants' resources in order to force a settlement.").

### Conclusion

For the foregoing reasons, the Advertiser Defendants respectfully request that the Court order plaintiffs to immediately produce the copyright registrations and underlying deposit materials referenced in their First Amended Complaint.


DATED:  November 10, 2020          QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP

                                   By       */s/ Michael T. Zeller*
                                   _____
                                      Michael T. Zeller
                                      Attorney for Defendants Multi Media
                                      LLC and BangBros.com Inc.