UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIECE WAIDHOFER, an individual; MARGARET MCGEHEE, an individual; and RYUU LAVITZ, LLC, a Massachusetts limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>CLOUDFLARE, INC., a Delaware corporation; BANGBROS.COM, INC., a Florida corporation; SONESTA TECHNOLOGIES, INC., a Florida corporation; MULTI MEDIA LLC, a California limited liability company; CRAKMEDIA INC., a Canadian corporation; and JOHN DOES 1-21, as-yet unidentified individuals,<br><br>Defendants. | Case No. 2:20-cv-06979<br><br>**PLAINTIFFS' RESPONSE TO ADVERTISER DEFENDANTS' OPPOSED *EX PARTE* APPLICATION FOR ORDER COMPELLING PRODUCTION OF COPYRIGHT REGISTRATIONS AND DEPOSIT MATERIALS**<br><br>*Ex Parte* Application Filed: Nov. 10, 2020 at 9:17 PM PST<br><br>Magistrate Judge: Hon. Alka Sagar |

Plaintiffs hereby respond to the *Ex Parte* Application for Order Compelling Production of Copyright Registrations and Deposit Materials (the "Ex Parte Application") filed by Defendants Multi Media LLC ("Chaturbate") and BangBros.com, Inc. ("BangBros") (together, "Advertiser Defendants").[1]

## SUMMARY

The Ex Parte Application is procedurally improper, factually inaccurate, and legally unfounded. Accordingly, the Court should deny the application.

---

[1] References to the appendix submitted with the Ex Parte Application are denoted herein as "Def. Appx." References to the appendix submitted with this response are denoted as "Pl. Appx."

*Procedurally*, the Ex Parte Application is improper because, under this Court's local rules and Judge Olguin's Initial Standing Order, "[t]he court entertains ex parte applications only in extraordinary circumstances." Standing Order, at 8 (citing *McVay v. FedEx Ground, et al.*, 2003 WL 22769080, *2 (C.D. Cal. 2003) & *In re Intermagnetics Am., Inc.*, 101 B.R. 191 (C.D. Cal. 1989)); L.R. 37-3. The Ex Parte Application here does not meet this high standard because, among other things, it does not show irreparable prejudice and the movants have not acted diligently, such as by serving any requests for production under Rule 34, despite fact discovery having been open since October 14. *See Phx. Books, Inc. v. Mr Bongo Worldwide Ltd.*, 2019WL 8137721, *2 (C.D. Cal. Dec. 17, 2019); *Stockinger v. Toyota Motor Sales, USA, Inc.*, 2020 WL 1652533, *1 (C.D. Cal. Jan. 3, 2020).[2]

*Factually*, the Ex Parte Application is inaccurate because it misstates the parties' discussions and Plaintiffs' position. Contrary to the Ex Parte Application, Plaintiffs have not refused to produce documents. Instead, Plaintiffs have insisted that production comply with the Rules and the Court's orders. Plaintiffs have repeatedly offered to produce materials with Rule 26(a) disclosures in a mutual exchange, or alternatively, in response to a request for production under Rule 34. *See* Def. Appx, Ex. A, at 2, 3, 4, 6, 7, 12, 13; *id.*, Ex. B, at 2. Further, the application ignores that counsel for all appearing parties mutually agreed on a November 4 call to postpone initial disclosures until at least November 13, as counsel for co-defendant Cloudflare Inc. confirmed. *See* Pl. Appx at 3 (email from Cloudflare's counsel: "I confirm that on our call Wednesday both sides agreed to extend the deadline to serve initial disclosures at least until next Friday, November 13 to allow

---

[2] The Advertiser Defendants also failed to comply with Judge Olguin's standing order that, "[f]ollowing service of the *ex parte* papers, the moving party shall notify the opposition that opposing papers must be filed no later than twenty-four (24) hours (or one court day) following service, except in cases where the opposing party has not previously appeared (*i.e.*, responded to the complaint)." Standing Order, at 8. *See* Pl. Appx at 7.

Defendants time to receive and consider Plaintiffs' First Amended Complaint."). In short, Advertiser Defendants have manufactured this purported controversy.

*Legally*, the Ex Parte Application is unfounded because it misapprehends the Federal Rules, the requirements of Rule 26, the standards for motions to dismiss, and the law on copyright registration. The Advertiser Defendants have taken the position that Rule 26(a) requires production of copyright registration documents. *See* Appl. at 2–3. But Rule 26 requires simply "a description by category and location" of relevant documents, and in any event, the timing for disclosures is set by rule. *See* Fed. R. Civ. P. 26(a)(1)(A) & –(C). The Advertiser Defendants have also mistakenly argued that registration affects the Court's jurisdiction. *But see Reed Elsevier v. Muchnick*, 559 U.S. 154 (2010). And they have wrongly argued that the registration materials must be attached to the complaint. *But see* Fed. R. Civ. P. 9(d) ("In pleading an official document or act, it suffices to allege that the document was legally issued or the act legally done."); *Patel Burica & Assocs., Inc. v. Lin*, 2019 WL 6954256, *3 (C.D. Cal. Dec. 19, 2019) (finding that allegation of registration suffices even if plaintiff "does not attach or identify any particular copyright registrations to its complaint"); *Masterson v. Walt Disney Co.*, 2019 WL 1581400, *5 (C.D. Cal. Jan. 29, 2019) (same). Plaintiffs pointed out these issues beforehand, but the Advertiser Defendants filed the application anyway.

For these and other reasons, the Ex Parte Application should be denied.

## LEGAL STANDARDS

"*Ex parte* applications are 'nearly always improper,' and 'the opportunities for legitimate [ones] are extremely limited.'" *Phx. Books, Inc. v. Mr Bongo Worldwide Ltd.*, 2019 WL 8137721, *2 (C.D. Cal. Dec. 17, 2019) (quoting *In re Intermagnetics Am., Inc.*); *see also XR Commc'ns, LLC v. Ruckus Wireless, Inc.*,

2017 WL 6048895, *1 (C.D. Cal. Aug. 10, 2017) ("*Ex parte* applications, and their profligate use, upset [the] fairness" of the Federal Rules and the Local Rules).

"Filing an *ex parte* application 'is justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought).'" *Phx. Books*, *supra*, at *2 (quoting *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013)). "To obtain *ex parte* relief, the moving party must show that it 'will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures,' and that the moving party 'is without fault in creating the crisis that requires *ex parte* relief.'" *Id.* (quoting *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995)).

"Unless the Court in its discretion otherwise allows, no discovery motions shall be filed or heard on an *ex parte* basis, absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party." L.R. 37-3. Judge Olguin's Standing Order makes clear that "sanctions may be imposed for misuse of the *ex parte* process." Standing Order at 8.

## ARGUMENT

### I. The Ex Parte Application Is Procedurally Improper.

The Ex Parte Application filed by the Advertiser Defendants does not come close to meeting the "extraordinary" standard for such motions under this Court's rules and Judge Olguin's orders. The application is procedurally improper for two primary reasons. First, the application does not provide a showing of *irreparable* injury or prejudice. Second, the application does not demonstrate that any alleged injury is not attributable to the Advertising Defendants' lack of diligence.

*First*, the Ex Parte Application fails to show that the Advertiser Defendants will suffer irreparable injury or prejudice if the requested relief is not granted. Instead, the application claims that not having the copyright registration documents in hand is "unfairly prejudicing the Advertiser Defendants in multiple respects, including their ability to prepare their motion to dismiss, which is currently due on November 18, 2020, to formulate document requests and other written discovery, to take and defend depositions, and to otherwise prepare their defenses in this action." Appl. at 1; *see also id.* at 4 ("Without the plaintiffs' purported copyright registrations and deposit materials (if they exist), the Advertiser Defendants and the Court will be denied essential information to assess whether plaintiffs properly registered their claimed works before filing suit as required.").

These are not even injuries, much less irreparable ones. Regarding the ability to prepare motions to dismiss, it is hornbook law that motions to dismiss are decided on the pleadings, not through discovery. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While there is a narrow exception for jurisdictional questions, the Supreme Court held unanimously that "Section 411(a)'s registration requirement … does not restrict a federal court's subject-matter jurisdiction." *Reed Elsevier v. Muchnick*, 559 U.S. 154, 157 (2010). Moreover, the Advertiser Defendants' *have already filed a motion to dismiss* (Dkt 59) without these documents in this very case, showing that it is entirely possible for them to make a motion to dismiss without having these documents in hand. And finally, even if not having these documents before the motion to dismiss gave rise to a cognizable injury, it would surely not be an irreparable one because defendants may still make a Rule 12(c) or Rule 56 motion later.

Regarding the ability to prepare or take discovery, this too does not justify the extraordinary procedure of an *ex parte* application. For initial disclosures, Rule 26

expressly states that a "party is not excused from making its disclosures … because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Fed. R. Civ. P. 26(a)(1)(E). Instead, a "party must make its initial disclosures based on the information then reasonably available to it." *Id*. Further, it is illogical to claim that defendants are unable to request written discovery; on the contrary, they could have requested production of documents (including the ones they now claim to need so urgently) at any time since October 14. Furthermore, during a November 4 call, the Advertiser Defendants' counsel requested Plaintiffs' depositions and bizarrely demanded that dates in November be provided by November 6. *See* Def. Appx, Ex. A, at 14. Any prejudice related to that timeline is entirely of the Advertiser Defendants' own making. And as before, any harm (*if* any) is reparable because discovery is ongoing and, if Plaintiffs' proposed schedule is adopted, would run all the way through October 2021 (or through June 10, 2021 if the Defendants' proposal were adopted).

*Second*, even if the Ex Parte Application showed irreparable harm, this harm is attributable to the movants' own lack of diligence. As previously noted, discovery in this case has been open since October 14, yet the Advertiser Defendants have not served any requests for production in accordance with Rule 34. The Advertiser Defendants have had ample notice of the purported issue they now raise; indeed, the original pleading in this case asserted claims under the Copyright Act. There is no excuse for the Advertiser Defendants' failure to properly request these materials in accordance with the Federal Rules of Civil Procedure.

In addition, on October 16, 2020, Plaintiffs' counsel informed the Advertiser Defendants by email that the "Copyright Office informed [counsel] that all of Ms. Waidhofer's pending registrations were actually issued earlier this year before the filing of the original complaint," and that "the Copyright Office had [erroneously]

- 6 -
PLAINTIFFS' RESPONSE TO EX PARTE APPLICATION
*Waidhofer et al. v. Cloudflare, Inc., et. al.*, Case No. 2:20-cv-06979

not mailed out the copyright registration certificates for several applications due to a 'glitch' in their processes related to the Covid-19 pandemic." *See* Pl. Appx, at 1. The email also listed all of the copyright registration numbers. *Id.* Afterwards, the Advertiser Defendants did not follow up with any questions or request any documents. Using the registration numbers, the Advertiser Defendants also could have simply looked up the registrations on the U.S. Copyright Office's free public catalog[3] to confirm registration status, but they apparently did not do so.

**II.     The Ex Parte Application Is Factually Inaccurate.**

The Ex Parte Application's purported recitation of the facts misstates the record, as the Court can confirm by reviewing the appendices to the application and this response. Plaintiffs will not waste the Court's time by correcting every factual discrepancy, but instead would simply direct the Court to the record documents to ascertain the true nature of events for itself. However, in order to facilitate the Court's review, Plaintiffs would highlight the following events:

On August 3, Plaintiff Waidhofer filed the original complaint in this matter. The original complaint identified two registered copyrights and stated that "[a]dditional applications remain pending." Dkt 1 at 22.

On October 14, the Advertiser Defendants filed a motion to dismiss the original complaint, arguing among other things that Waidhofer's copyright claims failed "for lack of registration." Dkt 59 at 14.

On October 16, Plaintiffs' counsel informed the Advertiser Defendants about the Copyright Office's error in not mailing the issued registration certificates due to its office closures during the pandemic, that all of the copyright registrations had in fact been granted before the filing of the original complaint, and that the complaint

---

[3] Available at https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?DB=local&PAGE=First.

would be amended as of right within 21 days in accordance with Rule 15(a)(1)(B) to reflect this, among other amendments. Pl. Appx at 1.

On November 4—that is, 21 days after the motions to dismiss were filed—Plaintiffs filed an amended complaint in accordance with Rule 15(a)(1)(B), adding two similarly-situated plaintiffs and specifying the relevant copyright registration numbers for all plaintiffs. *See* Dkt 68 at 20, 24, 31–32.

Also on November 4, counsel for Plaintiffs, the Advertiser Defendants, and Defendant Cloudflare conferred by phone. During that call, the parties agreed to mutually postpone the deadline for making initial disclosures until at least November 13, as Cloudflare's counsel confirmed. Pl. Appx at 3. During that call, Advertiser Defendants' counsel also requested depositions for the Plaintiffs in November and demanded such dates be provided by November 6. *See* Def. Appx. at 6. Notably, Advertiser Defendants did not request any copyright registration materials.

On November 5, as requested, Plaintiffs' counsel offered deposition dates for two plaintiffs, including several dates in November. Def. Appx, Ex. A, at 14. Plaintiffs also requested deposition dates for four Advertiser Defendant witnesses. *Id.* The Advertiser Defendants' counsel responded by arguing, for the first time ever, that Plaintiffs must make "full production of copies of all documents required under Rule 26(a)(1), including without limitation all copyright registrations and associated documents and all other documents on which plaintiffs are relying upon for their claims." *Id.* Notably, this misstates Rule 26(a)'s requirements, and Advertiser Defendants have not provided any authority to the contrary.

During subsequent emails on November 5–9, Plaintiffs' counsel offered numerous times to provide the requested documents either (a) in a mutual exchange on whatever date the parties agreed to make initial disclosures, which Plaintiffs suggested could be November 13 "or whatever other reasonable date that the

defendants propose" (*id.* at 6); or (b) pursuant to a request for production. Despite this, Advertiser Defendants filed the Ex Parte Application on November 10.

### III. The Ex Parte Application is Legally Unfounded.

Finally, the Ex Parte Application is based on flawed legal premises. In particular, the application contends that "Rule 26 requires Plaintiffs to produce, without a discovery request, documents on which plaintiffs intend to rely to sustain their claims, which necessarily would include the copyright registrations plaintiffs allege have been issued and the underlying deposit materials." Appl. at 2–3; *see also id.* at 4 (arguing that the "very purpose of Rule 26 is to require parties to provide certain information and produce certain documents 'without awaiting a discovery request'"). In addition, the Ex Parte Application suggests that Plaintiffs were required "to attach … their purported registrations or deposit materials" to the amended complaint. *Id.* at 2. Neither premise holds water.

First, the plain language of Rule 26(a) makes clear that the parties may provide either "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). The Rule plainly does <u>not</u> require production of all such documents, but rather merely a description of them by category and location. *Cf. id.* at –(iii) (requiring the production of evidence related to computation of damages). Moreover, the obligation to make initial disclosures does not arise until "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." *Id.* at 26(a)(1)(C). Here, as explained above, the parties originally agreed to exchange initial disclosures on November 6, then mutually agreed to postpone initial disclosures until at least November 13. Therefore, the obligation to make initial disclosures has not even arisen yet.

The Ex Parte Application cites just one case for the proposition that, despite the plain language of Rule 26, plaintiffs must produce copyright materials with their initial disclosures. Appl. at 6 (citing *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661 (9th Cir. 2018)). But in *Shame On You*, the plaintiff "stated that it would produce the [copyrighted work] with its initial disclosures," then failed to do so. 893 F.3d at 668. Then the plaintiff "disobeyed a court order to produce the [work], forcing Defendants to seek another court order requiring the same thing." *Id.* The court also "noted [plaintiff's] obstructionist conduct during discovery and failure to confer in good faith." *Id.* This case is inapposite because, among other things, Plaintiffs here have not failed to make timely initial disclosures, have not disobeyed a court order, and have not been obstructionist or failed to confer in good faith.

Second, there is no merit to the contention that plaintiffs were required to attach copyright registration materials to the complaint. As this Court has held, including since the Supreme Court's decision in *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (Mar. 4, 2019)*,* plaintiff need "not attach or identify any particular copyright registrations to its complaint." *Patel Burica & Assocs., Inc. v. Lin*, 2019 WL 6954256, *3 (C.D. Cal. Dec. 19, 2019). "To conclude otherwise would require the Court to resolve inferences against Plaintiff." *Masterson v. Walt Disney Co.*, 2019 WL 1581400, *5 (C.D. Cal. Jan. 29, 2019) (citing *Iqbal*, 556 U.S. at 679). Furthermore, the Federal Rules plainly provide that, "[i]n pleading an official document or act, it suffices to allege that the document was legally issued or the act legally done." Fed. R. Civ. P. 9(d).

## CONCLUSION

The Ex Parte Application should be denied.

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2 | |
| 3 | By:   Brett S. Rosenthal_____ |
| 4 | REESE MARKETOS LLP |
| 5 | Brett S. Rosenthal (*pro hac vice*) |
|   | Sean F. Gallagher (*pro hac vice*) |
| 6 | Joel W. Reese (*pro hac vice*) |
| 7 | 750 N. Saint Paul Street, Ste. 600 |
|   | Dallas, Texas 75201-3202 |
| 8 | Telephone: (214) 382-9810 |
| 9 | Brett.rosenthal@rm-firm.com |
| 10 | |
|   | REITER GRUBER LLP |
| 11 | Charles Reiter (SBN 306381) |
| 12 | Robert Gruber (SBN 301620) |
|   | 100 Wilshire Blvd, Suite 700 |
| 13 | Santa Monica, California 90401-3602 |
| 14 | Telephone: (310) 496-7799 |
|   | creiter@reitergruber.com |
| 15 | |
| 16 | *Counsel for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify that the above document will be served at the time of filing on all counsel of record via the Court's electronic filing system.

_____/s/_____

Brett S. Rosenthal