QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorney for Defendants
BangBros.com Inc. and Multi Media, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIECE WAIDHOFER, an individual; MARGARET MCGEHEE, an individual; and RYUU LAVITZ, LLC, a Massachusetts limited liability company;<br><br>Plaintiffs,<br><br>vs.<br><br>CLOUDFLARE, INC., a Delaware corporation; BANGBROS.COM, INC., a Florida corporation; SONESTA TECHNOLOGIES, INC., a Florida corporation; MULTI MEDIA LLC, a California limited liability company; CRAKMEDIA INC., a Canadian corporation; and JOHN DOES 1-21, as-yet unidentified individuals,<br><br>Defendants. | Case No. 2:20-cv-06979<br><br>**DEFENDANTS MULTI MEDIA LLC AND BANGBROS.COM INC.'S REPLY IN SUPPORT OF THEIR OPPOSED *EX PARTE* APPLICATION FOR ORDER COMPELLING PRODUCTION OF COPYRIGHT REGISTRATIONS AND DEPOSIT MATERIALS**<br><br>**[DISCOVERY MATTER]**<br><br>Complaint Filed: August 3, 2020<br>FAC Filed: November 4, 2020<br>Trial Date: None<br><br>Judge: Hon. Alka Sagar |

## Preliminary Statement

By this *Ex Parte* Application ("Appl."), the Advertiser Defendants simply ask that the copyright plaintiffs in this case provide the copyright registrations and deposit materials that form the basis of, and are referenced in, plaintiffs' First Amended Complaint ("FAC"). Plaintiffs' Opposition ("Opp.") provides no factual or legal justification for their withholding of those obviously central documents. Indeed, it would have taken plaintiffs far less time to simply produce the requested copyright registrations than it must have taken them to write a ten-page opposition brief. That plaintiffs have nonetheless chosen to continue to resist providing the registrations is in itself cause for concern, particularly given that they filed their original complaint in this case without first having the proper registrations, in violation of the legal requirements for bringing suit.

The Advertiser Defendants are entitled to these documents and respectfully request that their *ex parte* application be granted.

## I. PLAINTIFFS' PROCEDURAL ARGUMENTS ARE WRONG

Plaintiffs do not dispute that *ex parte* relief is appropriate where the moving party can show that (1) it will be irreparably prejudiced if its motion is calendared according to normal procedures and (2) it is without fault in creating the crisis requiring *ex parte* relief. Opp. at 4; *see also* Appl. at 3-4. The Advertiser Defendants explained in detail why both conditions are met here (Appl. at 3-4), and plaintiffs' attempts to argue otherwise fall flat. Plaintiffs' assertion that "motions to dismiss are decided on the pleadings, not through discovery" (Opp. at 5) ignores that the incorporation by reference doctrine allows a court to consider documents not attached to the complaint where the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." Appl. at 5 n.2 (quoting *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Plaintiffs do not and cannot dispute that the copyright registrations both "form the basis of [their] claim" and are "refer[red] to extensively" in their FAC. *See id.* The registrations and deposit materials are thus entirely proper to

consider on a motion to dismiss. Moreover, denying the Advertiser Defendants those documents until after their motion to dismiss is due on November 18, 2020 would be unfairly prejudicial and cause unwarranted delays in discovery.

Plaintiffs attempt to argue the Advertiser Defendants somehow delayed in seeking relief here because fact discovery has been open since October 14, 2020. Opp. at 6. But it was only days ago—on November 4, 2020—that plaintiffs filed their FAC, in which they asserted for the first time many of the copyright registrations that are the subject of this application, and indeed two of the three copyright plaintiffs here were not even parties until that date. Dkt. 68.[1]

## II.  PLAINTIFFS' FACTUAL AND LEGAL ARGUMENTS ARE WRONG

Plaintiffs spend much of their Opposition on irrelevant factual claims. Opp. at 7-9. But plaintiffs do not dispute that they have refused to produce the purported copyright registrations and deposit materials that form the basis of their copyright infringement claims against the Advertiser Defendants. Nor do plaintiffs offer a valid explanation for their failure to produce such basic documents.[2] Also of note, plaintiffs

---

[1] Plaintiffs' argument essentially claims the Advertiser Defendants should have asked on October 14, 2020 for registrations plaintiffs did not rely on or even identify until November 4, 2020. Setting aside the facial illogic of that position, even if the Advertiser Defendants had somehow known to serve discovery requests for the purported registrations on October 14, they would *still* not have had the documents in time to prepare and file a motion to dismiss by the November 18, 2020 deadline because the Rules provide 30 days to respond to Requests for Production. Fed. R. Civ. P. 34(b)(2)(A).

[2] As plaintiffs concede on the first page of their Opposition, they are refusing to voluntarily produce the registrations due to plaintiffs' demands that a separate, unrelated party (Cloudflare) make agreements on unrelated discovery issues. Plaintiffs' attempt to condition their willingness to produce such documents on another defendant's production of unrelated documents is entirely improper. *See* Fed. R. Civ. P. 26 (a)(1)(E) ("a party is not excused from making its disclosures … because another party has not made its disclosures."); *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004) ("[T]he Rule 26(a)(1) disclosure requirements should 'be applied with common sense in light of the principles of Rule 1, keeping in mind the

(footnote continued)

do not dispute that the new plaintiffs' purported registrations were allegedly issued ***after*** the filing of the original Complaint.  *See* Appl. at 2 n.1.

Plaintiffs' legal arguments fare no better.  Plaintiffs remarkably cite *Masterson v. Walt Disney Co.*, 2019 WL 1581400, at *5 (C.D. Cal. Jan. 29, 2019) (*Masterson I*), for the idea that plaintiffs need not provide their purported copyright registrations.  But plaintiffs do not dispute the Advertiser Defendants' point that, after *Fourth Estate* was decided, the *Masterson* court allowed the plaintiff to proceed ***only*** because she had by that time filed copies of the registrations.  Appl. at 5 n.3 (citing *Masterson v. Walt Disney Co.*, 2019 WL 2879877, at *5 (C.D. Cal. May 8, 2019) (*Masteron II*)).  So, if anything, this case supports the Advertiser Defendants' position.

Plaintiffs' other case, *Patel Burica & Assocs., Inc. v. Lin*, 2019 WL 6954256, *3 (C.D. Cal. Dec. 19, 2019) does not cite *Fourth Estate*.  In fact, *Patel Burica* relies on outdated case law to draw the conclusion that a plaintiff need not attach any particular copyright registrations to its complaint.  Specifically, *Patel Burica* cites *Masterson I*, a case decided prior to the Supreme Court's *Fourth Estate* ruling.  But in *Masterson II*, the same court subsequently recognized that *Fourth Estate*'s registration requirement changed the analysis.  Failure to attach copyright registrations to a pleading can represent an error by the plaintiff which may make the case subject to dismissal. *Masterson II*, 2019 WL 2879877 at *4-5.  As such, Plaintiffs' reliance on *Masterson I* and *Patel Burica* to suggest they do not have to attach copyright registrations to their complaint or make them available absent a request for production is inconsistent with even the *Masterson* court's later holdings.

Plaintiffs also wrongly suggest (Opp. at 9-10) they have no real obligation to produce the copyright registrations on which their copyright case depends.  The very purpose of Rule 26 is to require parties to produce certain critical documents without

---

salutary purposes that the rule is intended to accomplish. The litigants should not indulge in gamesmanship with respect to the disclosure obligations.'").

the need for (and delay attendant to) a discovery request. Rule 26(a)(1) disclosures are designed to "accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information" with the ultimate purpose of focusing on "the discovery that is needed, and [to] facilitate preparation for trial or settlement." *See* Advisory Committee Notes to 1993 Amendments to Fed.R.Civ.P. 26(a). And plaintiffs' attempt to distinguish *Shame On You Productions, Inc. v. Banks*, 893 F.3d 661, 668 (9th Cir. 2018) by pointing out that the plaintiff in that case also engaged in other sanctionable conduct does nothing to excuse plaintiffs' conduct here.

In short, plaintiffs have already once been called out for filing a copyright infringement claim without having the copyright registrations in hand as required by the Supreme Court. *See* Appl. at 2; Dkt. 59 at 6-7. Now it seems they may have done so again. Given the chance to produce documents that would prove they do in fact have the required copyright registrations that would allow them to proceed with an infringement suit, plaintiffs have inexplicably refused to do so. This both violates plaintiffs' disclosure obligations and prejudices the Advertiser Defendants by denying them documents needed to prepare a motion to dismiss by the due date, commence discovery, and otherwise prepare to defend the case.

### Conclusion

For the foregoing reasons, the Advertiser Defendants respectfully request that the Court order plaintiffs to immediately produce the copyright registrations and underlying deposit materials referenced in their First Amended Complaint.

DATED: November 12, 2020         QUINN EMANUEL URQUHART &
                                 SULLIVAN, LLP

                                 By      */s/ Michael T. Zeller*
                                      Michael T. Zeller
                                      Attorney for Defendants Multi Media
                                      LLC and BangBros.com Inc.