# Exhibit A

Michael S. Elkin (*pro hac vice*)
melkin@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:    (213) 615-1750

Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
Thomas J. Kearney (SBN: 267087)
tkearney@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone:   (415) 591-1000
Facsimile:    (415) 591-1400

Attorneys for Defendant
CLOUDFLARE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION—LOS ANGELES

|  |  |
|---|---|
| DENIECE WAIDHOFER, an individual; MARGARET MCGEHEE, an individual; and RYUU LAVITZ, LLC, a Massachusetts limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>CLOUDFLARE, INC., a Delaware corporation; BANGBROS.COM, INC., a Florida corporation; SONESTA TECHNOLOGIES, INC., a Florida corporation; MULTI MEDIA LLC, a California limited liability company; CRAKMEDIA INC., a Canadian corporation; and JOHN DOES 1-21,<br><br>Defendants. | Case No. 2:20-cv-06979-FMO-AS<br><br>**DEFENDANT CLOUDFLARE, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-9)** |

CLOUDFLARE, INC.'S OBJECTIONS & RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO. 2:20-CV-06979-FMO-AS

APP. 001

1    **PRELIMINARY STATEMENT**

2    Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 34, Defendant

3    Cloudflare, Inc. ("Cloudflare") hereby provides its responses to the First Set of

4    Requests for Production served by Plaintiff Deniece Waidhofer ("Plaintiff").

5    Cloudflare has not completed its investigation of the facts related to this case,

6    discovery, or its preparation for trial.  Accordingly, the following responses are based

7    solely upon the information presently available to and specifically known to

8    Cloudflare.  It is anticipated that further discovery, independent investigation, legal

9    research, and analysis may supply additional facts and establish entirely new factual

10   conclusions and legal contentions, all of which may lead to the discovery of additional

11   information, thereby resulting in additions to, changes in, and variations from these

12   responses. Cloudflare responds without prejudice to its right and obligation to

13   supplement its responses hereto.

14   Cloudflare objects to each request to the extent that it seeks information

15   protected by the attorney-client privilege, the work product doctrine and/or any other

16   applicable privilege. Cloudflare will not disclose such information.  Any inadvertent

17   disclosure of such information shall not be deemed a waiver of the attorney-client

18   privilege, the attorney work product doctrine, or any other applicable privilege or

19   immunity recognized by statute or case law.

20   **CLOUDFLARE'S OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

21   1. Cloudflare objects to Plaintiff's Definitions and Instructions to the extent they

22   purport to impose any requirement or discovery obligation on Cloudflare other than

23   those set forth in the Federal Rules of Civil Procedure and the applicable rules of this

24   Court, and to the extent they purport to require Cloudflare to object, respond, or

25   produce documents before the time provided by the Federal Rules of Civil Procedure,

26   the Local Rules, and applicable orders of this Court. Cloudflare will respond as and to

27   the extent required by such Rules and orders.

28

1

CLOUDFLARE, INC.'S OBJECTIONS & RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO. 2:20-CV-06979-FMO-AS

APP. 002

2.  Cloudflare further objects to Plaintiff's Definitions to the extent they purport to define terms not used in any of Plaintiff's requests. Cloudflare reserves the right to specifically object to any term defined in Plaintiff's definitions that is used in a later discovery request.

3.  Pursuant to Fed. R. Civ. P. 26(b)(2)(B), Cloudflare objects to all Definitions, Instructions, and Requests to the extent that they require Cloudflare to restore and/or search data sources that are not reasonably accessible or to merge data from multiple sources on the grounds that such Definitions, Instructions, and Requests would subject Cloudflare to undue burden and expense.

4.  Cloudflare objects to the Requests to the extent that they seek private, business confidential, proprietary, commercially sensitive, or personal information, including information as to which Cloudflare owes a duty of confidentiality to a third party. Any such information disclosed to Plaintiff shall be pursuant to a protective order to be agreed upon by and between Cloudflare, Plaintiff, and/or any affected third party.

5.  Cloudflare objects to the Requests to the extent that they seek discovery of information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, third-party confidentiality obligations, or any other applicable privilege or immunity. Cloudflare further objects to the Instructions, Definitions, and Requests to the extent that they seek to impose a burden for providing information related to protected documents and information beyond the Federal Rules of Civil Procedure, applicable local rules or other laws, orders, rulings or instructions of this Court

6.  Cloudflare objects to the Requests to the extent they purport to require Cloudflare to disclose information that infringes on any individual's right of privacy or that Cloudflare is not permitted to produce under applicable law, whether under the United States or any state constitution, federal or state statute, regulation, or common law, treaty or international law, the positive law or common law of any applicable jurisdiction, or otherwise.

CLOUDFLARE, INC.'S OBJECTIONS & RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO. 2:20-CV-06979-FMO-AS

APP. 003

7.  Cloudflare objects to the definitions of "You," "Your," "Defendant" and "Cloudflare" as vague and ambiguous, overbroad, and unduly burdensome, and to the extent it purports to require Cloudflare to produce documents or information outside of Cloudflare's possession, custody, or control. Cloudflare further objects to the definition of these terms to the extent they purport to call for information, documentation, or things protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity, including the common interest doctrine. To the extent such information is inadvertently produced, Plaintiff has not authorized such production, and no waiver of any privilege shall be inferred from it. To the extent a response is required for discovery requests concerning these terms Cloudflare will respond consistent with and in compliance with its obligations under the Federal Rules of Civil Procedure.

8.  Cloudflare objects to the definitions of "Person" and "Persons" as vague and ambiguous, overbroad, and unduly burdensome, to the extent they purport to include a Person's "agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control." Cloudflare will give the term "Person" its ordinary legal meaning, consistent with and in compliance with Cloudflare's obligations under the Federal Rules of Civil Procedure.

9.  Cloudflare objects to the definition of "Thothub" as vague and ambiguous, and overbroad and unduly burdensome, in particular as to the undefined compound term "its related forums, URLs, and web domains." Cloudflare will interpret the term "Thouthub" to mean the Thothub.tv website.

10. Cloudflare objects to the definition of "Document" or "Documents" to the extent they exceed the definition and usage of the term "documents" in Federal Rule of Civil Procedure 34, which draws a distinction between the terms "documents" and "electronically stored information." Cloudflare will interpret the terms "documents" and "document" as they are defined by Federal Rule of Civil Procedure 34.

3

CLOUDFLARE, INC.'S OBJECTIONS & RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO. 2:20-CV-06979-FMO-AS

APP. 004

11. Cloudflare objects to the definition of "Takedown Notices" as vague and ambiguous, overbroad, and unduly burdensome, including because it purports to define the term "Takedown Notices" as including "any notices," but fails to define the term "notices." Cloudflare further objects that the term "Takedown Notices" is vague and ambiguous on its face, and generally inapplicable to Cloudflare, because Cloudflare generally lacks the ability to "take down," remove, or delete content from third party websites, servers, or the Internet generally. Cloudflare will interpret the term "Takedown Notices" as referring to notices of claimed copyright infringement, submitted to Cloudflare by rightsholders or their agents, that purport to identify to allegedly infringing content available on the Internet.

12. Cloudflare objects to the definition of "Communication" or "Communications" as overbroad and unduly burdensome, including to the extent it exceeds the definition and usage of the term "documents" in Federal Rule of Civil Procedure 34, and including to the extent it purports to cover documents or information in the possession, custody or control of third parties or that is publicly available or otherwise equally available to Plaintiff, and in particular to the extent it purports to include "statements, media releases, magazine and newspaper articles, and video and audio transmissions."

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents, communications, and things containing the term "Thothub" or "Thot hub" or "Thothub.tv".

**RESPONSE TO REQUEST NO. 1:**

Cloudflare reiterates and incorporates its objections to Plaintiff's definitions as stated above. Cloudflare objects that this request is vague and ambiguous, including because the term "Thothub" in this request is inconsistent with the way it is defined in Plaintiff's Definitions. Cloudflare further objects to this request as overbroad and unduly burdensome, as not proportional to the needs of this case in light of the factors

4

CLOUDFLARE, INC.'S OBJECTIONS & RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION, Case No. 2:20-cv-06979-FMO-AS

**APP. 005**

1   set forth in Fed. R. Civ. P. 26(b)(1), and as outside the scope of permissible discovery

2   because it lacks relevance to any claim or defense currently at issue in this case. The

3   mere fact that a document "contain[s]" a term does not make it relevant, and the

4   request fails to describe with reasonable particularity the relevant items or category of

5   items to be produced. Cloudflare further objects to this request to the extent it purports

6   to require production of documents protected from disclosure by the attorney-client

7   privilege, the attorney work-product doctrine, third-party confidentiality obligations,

8   or any other applicable privilege or immunity. Cloudflare further objects to this

9   request because it is not reasonably limited as to time, and objects to the extent the

10   request seeks information outside any period relevant to any party's claim or defense.

11   To the extent a response is required, Cloudflare will limit its response to the period

12   from June 6, 2018 through the filing of the Complaint.

13   **REQUEST FOR PRODUCTION NO. 2:**

14       All agreements between Cloudflare and the operators or purported operators of

15   Thothub.

16   **RESPONSE TO REQUEST NO. 2**:

17       Cloudflare reiterates and incorporates its objections to Plaintiff's definitions as

18   stated above. Cloudflare objects that the term **"Thothub"** is vague and ambiguous, and

19   overbroad and unduly burdensome. Pursuant to its objections, Cloudflare interprets

20   the term **"Thothub"** to refer to the thothub.tv website. Cloudflare further objects that

21   the undefined term **"operators or purported operators of Thothub"** is vague and

22   ambiguous, and overbroad and unduly burdensome. Cloudflare further objects that the

23   term **"agreements"** is vague and ambiguous, and overbroad and unduly burdensome.

24   Cloudflare will interpret that term to the best of its ability. Cloudflare further objects

25   to this request because it is not reasonably limited as to time, and objects to the extent

26   the request seeks information outside any period relevant to any party's claim or

27   defense. To the extent a response is required, Cloudflare will limit its response to the

28   period from June 6, 2018 through the filing of the Complaint. Cloudflare further

CLOUDFLARE, INC.'S OBJECTIONS & RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO. 2:20-CV-06979-FMO-AS

**APP. 006**

objects to this request to the extent it seeks information or documents that are in the possession, custody or control of third parties.

Notwithstanding, and subject to and without waiving its objections, Cloudflare will produce responsive non-privileged, non-work product documents constituting agreements between Cloudflare and the operators of the thothub.tv website that it locates in its possession, custody or control after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 3:**

All analytics and metrics provided to the operators or purported operators of Thothub, including analytics snapshot e-mail reports, DNS queries, and all reports regarding the number of unique visitors, total requests, percent cached, total data served, and data cached as shown in Cloudflare's account dashboard.

**RESPONSE TO REQUEST NO. 3:**

Cloudflare reiterates and incorporates its objections to Plaintiff's definitions as stated above. In particular, Cloudflare objects that the term "Thothub" is vague and ambiguous; pursuant to its objections, Cloudflare interprets the term to refer to the thothub.tv website. Cloudflare also objects that the undefined terms "operators or purported operators of Thothub," "analytics," "metrics," "provided," "analytics snapshot e-mail reports," "total requests," "percent cached," and "Cloudflare's account dashboard" are vague and ambiguous, and overbroad and unduly burdensome. Cloudflare will interpret those terms to the best of its ability. Cloudflare further objects to this request as overbroad and unduly burdensome, including because it seeks documents or information not proportional to the needs of this case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1), and as outside the scope of permissible discovery because it lacks relevance to any claim or defense currently at issue in this case, and to the extent it seeks information or documents outside of Cloudflare's possession, custody, or control, or in a third party's possession, custody, or control. Cloudflare further objects to this request for "[a]ll" analytics and metrics to the extent it purports to require Cloudflare to produce the same electronically stored information

6

CLOUDFLARE, INC.'S OBJECTIONS & RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO. 2:20-CV-06979-FMO-AS

**APP. 007**

1  in more than one form. Cloudflare will produce electronically stored information, if

2  any, as and to the extent required by Fed. R. Civ. P. 34(b)(2)(E)(iii). Cloudflare

3  further objects to this request to the extent it seeks electronically stored information

4  that is not reasonably accessible because of undue burden or cost. Cloudflare further

5  objects to this request because it is not reasonably limited as to time, and to the extent

6  the request seeks information outside any period relevant to any party's claim or

7  defense. To the extent a response is required, Cloudflare will limit its response to the

8  period from June 6, 2018 through the filing of the Complaint.

9      Notwithstanding, and subject to and without waiving its objections, Cloudflare

10  will produce responsive non-privileged, non-work product documents, if any,

11  sufficient to show the requested information concerning the thothub.tv website, to the

12  extent it locates such documents in its possession, custody or control after a

13  reasonably diligent search.

14  **REQUEST FOR PRODUCTION NO. 4:**

15      All Takedown Notices Cloudflare has received relating to Thothub or any

16  Thothub URL.

17  **RESPONSE TO REQUEST NO. 4**:

18      Cloudflare reiterates and incorporates its objections to Plaintiff's definitions as

19  stated above. In particular, Cloudflare objects that the term "Thothub" is vague and

20  ambiguous; pursuant to its objections, Cloudflare interprets the term to refer to the

21  thothub.tv website. Cloudflare further objects that the undefined term "any Thothub

22  URL" is vague and ambiguous to the extent it is not redundant with the term

23  "Thothub," and Cloudflare will interpret that term to refer to a URL located on the

24  Thothub.tv website. Cloudflare further objects that the term "Takedown Notices" is

25  vague and ambiguous, and overbroad and unduly burdensome, for the reasons stated

26  in Cloudflare's General Objections above, and will interpret that term to the best of its

27  ability. Cloudflare further objects to this request because it is not reasonably limited as

28  to time, and objects to the extent the request seeks information outside any period

7

CLOUDFLARE, INC.'S OBJECTIONS & RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO. 2:20-CV-06979-FMO-AS

APP. 008

relevant to any party's claim or defense. To the extent a response is required, Cloudflare will limit its response to the period from June 6, 2018 through the filing of the Complaint. Cloudflare further objects to this request for "[a]ll" notices to the extent it purports to require Cloudflare to produce the same electronically stored information in more than one form. Cloudflare will produce electronically stored information, if any, as and to the extent required by Fed. R. Civ. P. 34(b)(2)(E)(iii).

Notwithstanding, and subject to and without waiving its objections, Cloudflare will produce responsive non-privileged, non-work product documents sufficient to show notices of claimed copyright infringement that were submitted to Cloudflare by rightsholders or their agents and that refer to allegedly infringing content on the thothub.tv website, to the extent it locates such documents in its possession, custody or control after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 5:**

All communications between Cloudflare and any person acting or purporting to act on behalf of Thothub.

**RESPONSE TO REQUEST NO. 5:**

Cloudflare reiterates and incorporates its objections to Plaintiff's definitions as stated above. In particular, Cloudflare objects that the term "Thothub" is vague and ambiguous; pursuant to its objections, Cloudflare interprets the term to refer to the thothub.tv website. Cloudflare further objects that, as Plaintiff concedes, "Thothub is not a legal person ... and instead was simply a web domain entity[.]" Dkt. No. 67 at 2:12-15. As such, it appears impossible that any person could have been "acting or purporting to act on behalf of Thothub." Even if it were possible, Cloudflare lacks the ability to determine whether any person was "acting ... on behalf of Thothub," and on that basis further objects that this request is vague and ambiguous, and overbroad and unduly burdensome. Cloudflare further objects to this request because it is not reasonably limited as to time, and objects to the extent the request seeks information outside any period relevant to any party's claim or defense. To the extent a response is

8

CLOUDFLARE, INC.'S OBJECTIONS & RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION, CASE No. 2:20-CV-06979-FMO-AS

APP. 009

1   required, Cloudflare will limit its response to the period from June 6, 2018 through the

2   filing of the Complaint.

3       Notwithstanding, and subject to and without waiving its objections, Cloudflare

4   will produce responsive non-privileged, non-work product communications, if any,

5   concerning the thothub.tv website, to the extent it locates such documents in its

6   possession, custody or control after a reasonably diligent search.

7   **REQUEST FOR PRODUCTION NO. 6:**

8       All records reflecting payments Cloudflare has received for services provided in

9   relation to Thothub.

10   **RESPONSE TO REQUEST NO. 6**:

11       Cloudflare reiterates and incorporates its objections to Plaintiff's definitions as

12   stated above. In particular, Cloudflare objects that the term "Thothub" is vague and

13   ambiguous; pursuant to its objections, Cloudflare interprets the term to refer to the

14   thothub.tv website. Cloudflare further objects that the undefined terms "services" and

15   "services provided in relation to Thothub" are vague and ambiguous, and overbroad

16   and unduly burdensome. Cloudflare will interpret those terms to the best of its ability.

17   Cloudflare further objects to this request because it is not reasonably limited as to

18   time, and objects to the extent the request seeks information outside any period

19   relevant to any party's claim or defense. To the extent a response is required,

20   Cloudflare will limit its response to the period from June 6, 2018 through the filing of

21   the Complaint. Cloudflare further objects to this request for "[a]ll" records as

22   overbroad and unduly burdensome, as not proportional to the needs of this case in

23   light of the factors set forth in Fed. R. Civ. P. 26(b)(1), and to the extent it purports to

24   require Cloudflare to produce the same electronically stored information in more than

25   one form. Cloudflare will produce electronically stored information, if any, as and to

26   the extent required by Fed. R. Civ. P. 34(b)(2)(E)(iii).

27       Notwithstanding, and subject to and without waiving its objections, Cloudflare

28   will produce responsive non-privileged, non-work product documents sufficient to

9

CLOUDFLARE, INC.'S OBJECTIONS & RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION, CASE No. 2:20-CV-06979-FMO-AS

**APP. 010**

show payments it received for services it provided for the  thothub.tv website, to the extent it locates such documents in its possession, custody or control after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 7:**

Server logs for any servers in Cloudflare's possession, custody, or control located in or around Dallas, Texas that hosted, stored, copied, cached, or distributed any content available on Thothub. For purposes of this request only, the relevant dates are from June 1, 2020 through July 31, 2020.

**RESPONSE TO REQUEST NO. 7:**

Cloudflare reiterates and incorporates its objections to Plaintiff's definitions as stated above. Cloudflare further objects to this request as massively overbroad and unduly burdensome, as not proportional to the needs of this case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1), and as outside the scope of permissible discovery because it lacks relevance to any claim or defense currently at issue in this case. Cloudflare further objects to this request to the extent it seeks discovery of electronically stored information that is not reasonably accessible because of undue burden or cost. Cloudflare further objects that the term "Thothub" is vague and ambiguous; pursuant to its objections, Cloudflare interprets the term to refer to the thothub.tv website. Cloudflare further objects that each of the undefined terms "hosted, stored, copied, cached, or distributed" is vague and ambiguous, and overbroad and unduly burdensome. Cloudflare will interpret those terms to the best of its ability. Cloudflare further objects that during the relevant time, Cloudflare's servers did not "host[]" or "store[]" content from its customers' websites, in the ordinary technical meaning of those terms or as Plaintiff had defined them. Cloudflare further objects that the term "content available on Thothub" is vague and ambiguous: Cloudflare does not own or control the Thothub.tv website, and lacks the ability to determine whether "content" was "available on Thothub." Cloudflare further objects that the undefined term "in or around Dallas, Texas" is vague and ambiguous, and

10

CLOUDFLARE, INC.'S OBJECTIONS & RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION, CASE No. 2:20-CV-06979-FMO-AS

APP. 011

1  overbroad and unduly burdensome. Cloudflare will interpret that term to the best of its

2  ability.

3  **REQUEST FOR PRODUCTION NO. 8:**

4       Deposition transcripts of any current or former Cloudflare employee who was

5  deposed in *ALS* or *Mon Cheri Bridal*.

6  **RESPONSE TO REQUEST NO. 8**:

7       Cloudflare reiterates and incorporates its objections to Plaintiff's definitions as

8  stated above. Cloudflare further objects that this request is outside the scope of

9  permissible discovery because it lacks relevance to any claim or defense currently at

10  issue in this case and is not proportional to the needs of this case in light of the factors

11  set forth in Fed. R. Civ. P. 26(b)(1). Cloudflare further objects to this request to the

12  extent it improperly seeks to subvert the purpose of the Federal Rules, the Local

13  Rules, and/or the Court's discovery or scheduling orders, by making an end-run

14  around the limits on depositions imposed by Rule 30(a)(2)(A)(i). Cloudflare further

15  objects to this request as overbroad and unduly burdensome, and as failing to describe

16  with reasonable particularity each item or category of items to be inspected.

17  **REQUEST FOR PRODUCTION NO. 9:**

18       Documents containing any identifying information, including name, date of

19  birth, social security number, credit card numbers, email addresses, physical

20  addresses, IP addresses, bank accounts, credit cards, or other information related to the

21  identity of any person acting or purporting to act on behalf of Thothub.

22  **RESPONSE TO REQUEST NO. 9**:

23       Cloudflare reiterates and incorporates its objections to Plaintiff's definitions as

24  stated above. Cloudflare further objects to this request as vague and ambiguous, as

25  overbroad and unduly burdensome, as not proportional to the needs of this case in

26  light of the factors set forth in Fed. R. Civ. P. 26(b)(1), and as outside the scope of

27  permissible discovery because it lacks relevance to any claim or defense currently at

28  issue in this case. Cloudflare further objects that, as Plaintiff concedes, "Thothub is

11

CLOUDFLARE, INC.'S OBJECTIONS & RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO. 2:20-CV-06979-FMO-AS

APP. 012

1  not a legal person … and instead was simply a web domain entity[.]" Dkt. No. 67 at

2  2:12-15. As such, it appears impossible that any person could have been "acting or

3  purporting to act on behalf of Thothub." Even if it were possible, Cloudflare lacks the

4  ability to determine whether any person was "acting … on behalf of Thothub," and on

5  that basis further objects that this request is vague and ambiguous, and overbroad and

6  unduly burdensome. Cloudflare further objects to this request to the extent it seeks

7  information or documents that are in the possession, custody or control of third

8  parties. Cloudflare further objects to the extent that this request purports to require

9  Cloudflare to disclose information that infringes on any individual's right of privacy

10  or that Cloudflare is not permitted to produce under applicable law, whether under the

11  United States or any state constitution, federal or state statute, regulation, or common

12  law, treaty or international law, the positive law or common law of any applicable

13  jurisdiction, or any binding agreement of any kind, including any terms of user, terms

14  of service, contract, license, policy, or otherwise. Cloudflare further objects to this

15  request because it is not reasonably limited as to time, and to the extent it seeks

16  information outside any period relevant to any party's claim or defense. To the extent

17  a response is required, Cloudflare will limit its response to the period from June 6,

18  2018 through the filing of the Complaint.

19

20  Dated: November 16, 2020      WINSTON & STRAWN LLP

21                              By: /s/ Jennifer A. Golinveaux

22                                 Jennifer A. Golinveaux
                               Michael S. Elkin

23                                 Erin R. Ranahan
                               Thomas J. Kearney

24                                 Attorneys for Defendant
                               CLOUDFLARE, INC.

25

26

27

28

# CERTIFICATE OF SERVICE

**United States District Court for the Central District of California**
**CASE NO. 2:20-CV-06979-FMO-AS**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111. On November 16, 2020, I served the following document:

**DEFENDANT CLOUDFLARE, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-9)**

☒ by electronically transmitting a copy of the document listed above via email to the addressees as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), or Local Rule of Court, or court order.

Robert H. Gruber
rgruber@reitergruber.com
Charles D. Reiter
creiter@reitergruber.com
REITER GRUBER LLP
100 Wilshire Boulevard Suite 700
Santa Monica, CA 90401

Brett S. Rosenthal
brett.rosenthal@rm-firm.com
Joel W. Reese
Joel.Reese@rm-firm.com
Joshua M. Russ
josh.russ@rm-firm.com
Sean F. Gallagher
sean.gallagher@rm-firm.com
REESE MARKETOS LLP
750 North Saint Paul Street Suite 600
Dallas, TX 75201

Attorneys for Plaintiff
Deniece Waidhofer

Michael T Zeller
michaelzeller@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Attorneys for Defendants
BangBros.com Inc. and
Multi Media, LLC

I certify that under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 16, 2020

/s/ *Leah Romm*
Leah Romm

1

CLOUDFLARE, INC.'S OBJECTIONS & RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO. 2:20-CV-06979-FMO-AS

APP. 014

# Exhibit B

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Michael T. Zeller (Bar No. 196417)
2    michaelzeller@quinnemanuel.com
3    865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
4  Telephone:  (213) 443-3000
   Facsimile:   (213) 443-3100
5

6  Attorney for Defendants
   Multi Media, LLC and Sonesta Technologies, Inc.
7  (f/k/a BangBros.com Inc.)

8

9                    UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12  DENIECE WAIDHOFER, an              Case No. 2:20-cv-06979
    individual; MARGARET MCGEHEE,
13  an individual; and RYUU LAVITZ,
    LLC, a Massachusetts limited liability   **DEFENDANT BANGBROS, INC.'S**
14  company;                           **OBJECTIONS AND RESPONSES**
                                       **TO PLAINTIFFS' FIRST SET OF**
15               Plaintiffs,           **REQUESTS FOR PRODUCTION**

16          vs.

17  CLOUDFLARE, INC., a Delaware
    corporation; BANGBROS.COM, INC.,
18  a Florida corporation; SONESTA
    TECHNOLOGIES, INC., a Florida
19  corporation; BANGBROS, a
    California limited liability company;
20  CRAKMEDIA INC., a Canadian
    corporation; and JOHN DOES 1-21, as-
21  yet unidentified individuals,

22               Defendants.

23

24

25

26

27

28

                                    -1-                  Case No. 2:20-cv-06979
06917-00008/12427892.2
         DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

APP. 015

## PRELIMINARY STATEMENT

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 34, Defendant BangBros.com, Inc. ("BangBros") hereby provides its responses to the First Set of Requests for Production served by Plaintiff Deniece Waidhofer ("Plaintiff"). Multi Media has not completed its investigation of the facts related to this case, discovery, or its preparation for trial. Accordingly, the following responses are based solely upon the information presently available to and specifically known to Multi Media. Multi Media expects that further discovery, independent investigation, legal research, and analysis may supply additional facts and/or establish new factual conclusions and legal contentions, all of which may lead to the discovery of additional information, thereby resulting in additions to, changes in, and variations from these responses.  Multi Media responds without prejudice to its right and obligation to supplement its responses hereto.  Multi Media objects to each request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege. Multi Media will not disclose such information. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.

## GENERAL OBJECTIONS

1.      BangBros objects to the Requests, and Plaintiff's Definitions and Instructions that accompany them, to the extent that they seek to impose obligations and demands on BangBros greater than or more extensive than those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, this Court's orders and instructions, or any other applicable authority. BangBros will respond as and to the extent required by such Rules and orders.

2.      BangBros objects to the Requests, and the Definitions and Instructions that accompany them, to the extent that they seek information, documents, or things protected by the attorney-client privilege, attorney work product immunity, or other privilege or immunity, including the common interest doctrine.  Such information, documents, or things will not be provided in response to the Requests, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information or of any work product doctrine protections which may attach thereto.

3.      BangBros objects to the time periods specified in the Requests, on the grounds that they are arbitrary, overly broad, unduly burdensome and are not proportional to the needs of the case, considering [Plaintiff's] positions taken in this case and the factors provided by Fed. R. Civ. P. 26(b)(1), or are otherwise beyond the scope of permissible discovery.

4.      BangBros further objects to Plaintiff's Definitions to the extent they purport to define terms not used in any of Plaintiff's requests. BangBros reserves the right to specifically object to any term defined in Plaintiff's definitions that is used in a later discovery request.

5.      BangBros' decision to produce any requested document, notwithstanding the objectionable nature of any of the Requests themselves, is not: (a) a concession that the documents are relevant to this proceeding; (b) a waiver of the BangBros' Objections Applicable to Each Request or the objections asserted in response to specific Requests; or (c) an agreement that requests for similar documents or information will be treated in a similar manner.

6.      BangBros reserves the right to assert additional objections to these Requests as appropriate and to modify, supplement, or otherwise change or amend its objections and responses as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and

discovery.  The information contained in the BangBros' responses and objections is also subject to correction for omissions or errors.

7.     BangBros' responses to the Requests are without waiver or limitation of its right to object to the use any documents that BangBros  produces on grounds of competency, relevancy, materiality, privilege, admissibility as evidence for any purpose, or any other ground, in any subsequent proceeding or hearing in, or the trial of, this or any other action.  Each response is without prejudice to, or waiver of, any objection BangBros may make to any future use of such documents.  BangBros likewise reserves the right to object to other discovery requests involving or relating to the subject matter of any documents produced in response to these Requests.

8.     BangBros objects to the Requests, and Plaintiff's Definitions and Instructions that accompany them, to the extent that they are vague, ambiguous, unintelligible, overly broad, unduly burdensome, and seek information that is not relevant to the subject matter of this action nor proportional to the needs of the case. Where a term is vague or ambiguous, BangBros will respond based on its understanding of the term.

9.     BangBros objects to the Requests, and Plaintiff's Definitions and Instructions that accompany them, to the extent that they are not reasonably limited in time or geographic scope.

10.     BangBros objects to the Requests, and Plaintiff's Definitions and Instructions that accompany them, to the extent they seek information available through public sources or in the possession, custody, or control of Defendant.

11.     BangBros objects to the definitions of "Person" and "Persons" as vague and ambiguous, overbroad, and unduly burdensome, to the extent they purport to include a Person's "agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control." BangBros will give the term "Person" its ordinary

legal meaning, consistent with and in compliance with BangBros' obligations under the Federal Rules of Civil Procedure.

12.     BangBros objects to the definition of "Thothub" as vague and ambiguous, and overbroad and unduly burdensome, in particular as to the undefined compound term "its related forums, URLs, and web domains." BangBros will interpret the term "Thouthub" to mean the Thothub.tv website.

13.     BangBros objects to the definition of "Document" or "Documents" to the extent they exceed the definition and usage of the term "documents" in Federal Rule of Civil Procedure 34, which draws a distinction between the terms "documents" and "electronically stored information." BangBros will interpret the terms "documents" and "document" as they are defined by Federal Rule of Civil Procedure 34.

14.     BangBros objects to the definition of "Communication" or "Communications" as overbroad and unduly burdensome, including to the extent it exceeds the definition and usage of the term "documents" in Federal Rule of Civil Procedure 34, and including to the extent it purports to cover documents or information in the possession, custody or control of third parties or that is publicly available or otherwise equally available to Plaintiff, and in particular to the extent it purports to include "statements, media releases, magazine and newspaper articles, and video and audio transmissions."

## **RESPONSES**

## **REQUEST FOR PRODUCTION NO. 1:**

All documents, communications, and things containing the term "Thothub" or "Thot hub" or "Thothub.tv".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

BangBros incorporates each of its General Objections by reference. BangBros further object to this Request on the basis that it is vague and ambiguous, particularly with respect to the term(s) and/or phrase(s) "Thothub" because it is inconsistent with the way it is defined in Plaintiff's definitions. BangBros further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the subject matter of this action nor proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1), including to the extent that it does not describe with reasonable particularity the relevant items to be produced, nor does it specify a limited time period to which the request applies. BangBros further objects to the extent this Request seeks information outside any period relevant to any party's claim or defense. BangBros further objects to this Request to the extent that it seeks production of documents and things that are protected by the attorney-client privilege, attorney work product immunity, or other privilege, immunity, or protection afforded by law.

Subject to and without waiving the foregoing objections and General Objections above, BangBros will produce any responsive, relevant, and non-privileged documents that are within their possession, custody, or control and that are located after a reasonable search.  BangBros reserves the right to supplement, amend, or revise their response to this Request, including upon further investigation.

**REQUEST FOR PRODUCTION NO. 2:**

All documents, communications, and things relating to the terms and conditions of any agreement to advertise BangBros on Thothub.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

BangBros incorporates each of its General Objections by reference. BangBros further object to this Request on the basis that it is vague and ambiguous, particularly with respect to the term(s) and/or phrase(s) "Thothub" and "agreement." BangBros further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the subject matter of this action nor proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1), particularly to the extent that it does not describe with reasonable particularity the relevant items to be produced. BangBros further objects to this Request on the grounds that it does not specify a limited time period to which the request applies, and BangBros objects to the extent this Request seeks information outside any period relevant to any party's claim or defense. BangBros further objects to this Request to the extent that it seeks production of documents and things that are protected by the attorney-client privilege, attorney work product immunity, or other privilege, immunity, or protection afforded by law. BangBros further objects to this Request to the extent it seeks information or documents that are in the possession, custody, or control of third parties.

Subject to and without waiving the foregoing objections and General Objections above, BangBros will produce any responsive, relevant, and non-privileged documents that are within their possession, custody, or control relating to the terms and conditions of any agreement to advertise BangBros on Thothub. BangBros reserves the right to supplement, amend, or revise their response to this Request, including upon further investigation.

**REQUEST FOR PRODUCTION NO. 3:**

All communications between BangBros and CrakRevenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

BangBros incorporates each of its General Objections by reference. BangBros further object to this Request on the basis that it is vague and ambiguous, particularly with respect to the term(s) and/or phrase(s) "BangBros." BangBros further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the subject matter of this action nor proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1), particularly to the extent that it does not describe with reasonable particularity the relevant items to be produced. BangBros further objects to this Request on the grounds that it does not specify a limited time period to which the request applies, and BangBros objects to the extent this Request seeks information outside any period relevant to any party's claim or defense. BangBros further objects to this Request to the extent that it seeks production of documents and things that are protected by the attorney-client privilege, attorney work product immunity, or other privilege, immunity, or protection afforded by law.

BangBros will agree to meet and confer regarding this Request in order to reach an agreement on a more narrow and/or clarified request. BangBros reserves the right to supplement, amend, or revise its response to this Request as appropriate once a protective order is entered and BangBros' objections are resolved.

**REQUEST FOR PRODUCTION NO. 4:**

All agreements between BangBros and CrakRevenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

BangBros incorporates each of its General Objections by reference. BangBros further object to this Request on the basis that it is vague and ambiguous, particularly with respect to the term(s) and/or phrase(s) "agreements." BangBros further objects to this Request on the grounds that it is overly broad, unduly

burdensome, and seeks information that is not relevant to the subject matter of this
action nor proportional to the needs of the case in light of the factors set forth in
Fed. R. Civ. P. 26(b)(1). BangBros further objects to this Request on the grounds
that it does not specify a limited time period to which the request applies, and
BangBros objects to the extent this Request seeks information outside any period
relevant to any party's claim or defense. BangBros further objects to this Request to
the extent that it seeks production of documents and things that are protected by the
attorney-client privilege, attorney work product immunity, or other privilege,
immunity, or protection afforded by law.

Subject to and without waiving the foregoing objections and General
Objections above, BangBros will produce responsive, relevant, and non-privileged
documents that are within their possession, custody, or control sufficient to show
agreements between BangBros on CrakRevenue.  BangBros reserves the right to
supplement, amend, or revise their response to this Request as appropriate once a
protective order is entered and BangBros' other objections are resolved.

**REQUEST FOR PRODUCTION NO. 5:**

All communications between BangBros and any person acting or purporting
to act on behalf of Thothub.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

BangBros incorporates each of its General Objections by reference.
BangBros further object to this Request on the basis that it is vague and ambiguous,
particularly with respect to the term(s) and/or phrase(s) "Thothub," "person," and
"purporting to act on behalf of." BangBros lacks the ability to determine whether
any person was "acting … on behalf of Thothub," and on that basis further objects
that this request is vague and ambiguous, and overbroad and unduly burdensome.
BangBros further objects to this Request on the grounds that it is overly broad,

1    unduly burdensome, and seeks information that is not relevant to the subject matter

2    of this action nor proportional to the needs of the case in light of the factors set forth

3    in Fed. R. Civ. P. 26(b)(1), particularly to the extent that it does not describe with

4    reasonable particularity the relevant items to be produced. BangBros further objects

5    to this Request on the grounds that it does not specify a limited time period to which

6    the request applies, and BangBros objects to the extent this Request seeks

7    information outside any period relevant to any party's claim or defense. BangBros

8    further objects to this Request to the extent that it seeks production of documents

9    and things that are protected by the attorney-client privilege, attorney work product

10   immunity, or other privilege, immunity, or protection afforded by law. BangBros

11   further objects to this Request to the extent it seeks information or documents that

12   are in the possession, custody, or control of third parties.

13        BangBros will agree to meet and confer regarding this Request in order to

14   reach agreement on a more narrow and/or clarified request. BangBros reserves the

15   right to supplement, amend, or revise its response to this Request as appropriate

16   once a protective order is entered and BangBros' objections are resolved.

17

18   **REQUEST FOR PRODUCTION NO. 6:**

19        Records sufficient to identify any revenue BangBros has made related to its

20   advertisements on Thothub.

21

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

23        BangBros incorporates each of its General Objections by reference.

24   BangBros further object to this Request on the basis that it is vague and ambiguous,

25   particularly with respect to the term(s) and/or phrase(s) "revenue,"

26   "advertisements," and "Thothub." BangBros further objects to this Request on the

27   grounds that it is overly broad, unduly burdensome, and seeks information that is

28   not relevant to the subject matter of this action nor proportional to the needs of the

case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). BangBros further objects to this Request on the grounds that it does not specify a limited time period to which the request applies, and BangBros objects to the extent this Request seeks information outside any period relevant to any party's claim or defense. BangBros further objects to this Request to the extent that it seeks production of documents and things that are protected by the attorney-client privilege, attorney work product immunity, or other privilege, immunity, or protection afforded by law.

Subject to and without waiving the foregoing objections and General Objections above, BangBros will produce responsive, relevant, and non-privileged documents that are within their possession, custody, or control sufficient to show revenue BangBros has made related to its advertisements on Thothub.  BangBros reserves the right to supplement, amend, or revise their response to this Request as appropriate once a protective order is entered and BangBros' other objections are resolved.

**REQUEST FOR PRODUCTION NO. 7:**

All records reflecting any Commissions paid directly or indirectly to the operators or purported operators of Thothub.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

BangBros incorporates each of its General Objections by reference. BangBros further object to this Request on the basis that it is vague and ambiguous, particularly with respect to the term(s) and/or phrase(s) "Thothub." Pursuant to its objections, BangBros interprets the term "Thothub" to refer to the thothub.tv website. BangBros further objects that the undefined term "operators or purported operators of Thothub" is vague and ambiguous, and overbroad and unduly burdensome. BangBros further objects that the term "agreements" is vague and ambiguous, and overbroad and unduly burdensome. BangBros further objects to this

1  Request on the grounds that it is overly broad, unduly burdensome, and seeks

2  information that is not relevant to the subject matter of this action nor proportional

3  to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1).

4  BangBros further objects to this Request on the grounds that it does not specify a

5  limited time period to which the request applies, and BangBros objects to the extent

6  this Request seeks information outside any period relevant to any party's claim or

7  defense. BangBros further objects to this Request to the extent that it seeks

8  production of documents and things that are protected by the attorney-client

9  privilege, attorney work product immunity, or other privilege, immunity, or

10  protection afforded by law.

11  　　Subject to and without waiving the foregoing objections and General

12  Objections above, BangBros will produce responsive, relevant, and non-privileged

13  documents that are within their possession, custody, or control sufficient to show

14  Commissions paid directly or indirectly to the operators or purported operators of

15  Thothub.  BangBros reserves the right to supplement, amend, or revise their

16  response to this Request as appropriate once a protective order is entered and

17  BangBros' other objections are resolved.

18

19  **REQUEST FOR PRODUCTION NO. 8:**

20  　　All documents containing any identifying information, including name, date

21  of birth, social security number, credit card numbers, email addresses, physical

22  addresses, IP addresses, bank accounts, credit cards, or other information related to

23  the identity of any person acting or purporting to act on behalf of Thothub.

24

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

26  　　BangBros incorporates each of its General Objections by reference.

27  BangBros further object to this Request on the basis that it is vague and ambiguous,

28  particularly with respect to the term(s) and/or phrase(s) "Thothub." BangBros

1    further objects to this request as vague and ambiguous, as overbroad and unduly

2    burdensome, as not proportional to the needs of this case in light of the factors set

3    forth in Fed. R. Civ. P. 26(b)(1), and as outside the scope of permissible discovery

4    because it lacks relevance to any claim or defense currently at issue in this case.

5    BangBros further objects to this request to the extent it seeks information or

6    documents that are in the possession, custody or control of third parties. BangBros

7    further objects to the extent that this request purports to require BangBros to

8    disclose information that infringes on any individual's right of privacy or that

9    BangBros is not permitted to produce under applicable law, whether under the

10    United States or any state constitution, federal or state statute, regulation, or

11    common law, treaty or international law, the positive law or common law of any

12    applicable jurisdiction, or any binding agreement of any kind, including any terms

13    of user, terms of service, contract, license, policy, or otherwise. BangBros further

14    objects to this request because it is not reasonably limited as to time, and to the

15    extent it seeks information outside any period relevant to any party's claim or

16    defense. BangBros further objects to this Request to the extent that it seeks

17    production of documents and things that are protected by the attorney-client

18    privilege, attorney work product immunity, or other privilege, immunity, or

19    protection afforded by law.

20        Subject to and without waiving the foregoing objections and General

21    Objections above, Multi Media will produce responsive, relevant, and non-

22    privileged documents that are within its possession, custody, or control sufficient to

23    show documents containing information related to the identity of any person acting

24    or purporting to act on behalf of Thothub.  Multi Media reserves the right to

25    supplement, amend, or revise its response to this Request as appropriate once a

26    protective order is entered and Multi Media's other objections are resolved.

27

28

1

2

3

4   DATED:  November 16, 2020          QUINN EMANUEL URQUHART &
5                                       SULLIVAN, LLP

6

7

8

9   By _____
10          QUINN EMANUEL URQUHART &
            SULLIVAN, LLP
11          Michael T. Zeller (Bar No. 196417)
            michaelzeller@quinnemanuel.com
12          865 South Figueroa Street, 10th Floor
            Los Angeles, California 90017-2543
13          Telephone:  (213) 443-3000
            Facsimile:   (213) 443-3100
14

15

16          Attorney for Defendants Multi Media, LLC
            and Sonesta Technologies, Inc. (f/k/a
17          BangBros.com Inc.)

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4

## CERTIFICATE OF SERVICE

5    The undersigned hereby certifies that, on November 16, 2020, the foregoing

6  document was served on Plaintiffs' counsel of record by email.

7
8                                    */s/ Michael Deamer*
9                              **Michael Deamer**
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

06917-00008/12427892.1

-15-                                    Case No. 2:20-cv-06979
DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
**APP. 029**

# Exhibit C

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100


Attorney for Defendants
Multi Media, LLC and Sonesta Technologies, Inc.
(f/k/a BangBros.com Inc.)


## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIECE WAIDHOFER, an individual; MARGARET MCGEHEE, an individual; and RYUU LAVITZ, LLC, a Massachusetts limited liability company;<br><br>            Plaintiffs,<br><br>      vs.<br><br>CLOUDFLARE, INC., a Delaware corporation; BANGBROS.COM, INC., a Florida corporation; SONESTA TECHNOLOGIES, INC., a Florida corporation; MULTI MEDIA LLC, a California limited liability company; CRAKMEDIA INC., a Canadian corporation; and JOHN DOES 1-21, as-yet unidentified individuals,<br><br>            Defendants. | Case No. 2:20-cv-06979<br><br><br>**DEFENDANT MULTI MEDIA LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-15)** |

-1-                                    Case No. 2:20-cv-06979

**APP. 030**

## PRELIMINARY STATEMENT

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 34, Defendant Multi Media LLC ("Multi Media") hereby provides its responses to the First Set of Requests for Production served by Plaintiff Deniece Waidhofer ("Plaintiff"). Multi Media has not completed its investigation of the facts related to this case, discovery, or its preparation for trial. Accordingly, the following responses are based solely upon the information presently available to and specifically known to Multi Media. Multi Media expects that further discovery, independent investigation, legal research, and analysis may supply additional facts and/or establish new factual conclusions and legal contentions, all of which may lead to the discovery of additional information, thereby resulting in additions to, changes in, and variations from these responses.  Multi Media responds without prejudice to its right and obligation to supplement its responses hereto.  Multi Media objects to each request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege. Multi Media will not disclose such information. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.

## GENERAL OBJECTIONS

1.      Multi Media objects to the Requests, and Plaintiff's Definitions and Instructions that accompany them, to the extent that they seek to impose obligations and demands on Multi Media greater or more extensive than those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, this Court's orders and instructions, or any other applicable authority.  Multi Media will respond as and to the extent required by such Rules and orders.

2.      Multi Media objects to the Requests, and the Definitions and Instructions that accompany them, to the extent that they seek information, documents, or things protected by the attorney-client privilege, attorney work product immunity, or other privilege or immunity, including the common interest doctrine.  Such information, documents, or things will not be provided in response to the Requests, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information or of any work product doctrine protections which may attach thereto.

3.      Multi Media objects to the time periods specified in the Requests, on the grounds that they are arbitrary, overly broad, unduly burdensome and are not proportional to the needs of the case, considering Plaintiff's positions taken in this case and the factors provided by Fed. R. Civ. P. 26(b)(1), or are otherwise beyond the scope of permissible discovery.

4.      Multi Media further objects to Plaintiff's Definitions to the extent they purport to define terms not used in any of Plaintiff's requests. Multi Media reserves the right to specifically object to any term defined in Plaintiff's definitions that is used in a later discovery request.

5.      Multi Media's decision to produce any requested document, notwithstanding the objectionable nature of any of the Requests themselves, is not: (a) a concession that the documents are relevant to this proceeding; (b) a waiver of Multi Media's objections applicable to each Request or the objections asserted in response to specific Requests; or (c) an agreement that requests for similar documents or information will be treated in a similar manner.

6.      Multi Media reserves the right to assert additional objections to these Requests as appropriate and to modify, supplement, or otherwise change or amend its objections and responses as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and

1  discovery.  The information contained in Multi Media's responses and objections is

2  also subject to correction for omissions or errors.

3      7.     Multi Media's responses to the Requests are without waiver or

4  limitation of its right to object to the use any documents that Multi Media produces

5  on grounds of competency, relevancy, materiality, privilege, admissibility as

6  evidence for any purpose, or any other ground, in any subsequent proceeding or

7  hearing in, or the trial of, this or any other action.  Each response is without

8  prejudice to, or waiver of, any objection Multi Media may make to any future use of

9  such documents.  Multi Media likewise reserves the right to object to other

10 discovery requests involving or relating to the subject matter of any documents

11 produced in response to these Requests.

12     8.     Multi Media objects to the Requests, and Plaintiff's Definitions and

13 Instructions that accompany them, to the extent that they are vague, ambiguous,

14 unintelligible, overly broad, unduly burdensome, and seek information that is not

15 relevant to the subject matter of this action nor proportional to the needs of the case.

16 Where a term is vague or ambiguous, Multi Media will respond based on its

17 understanding of the term.

18     9.     Multi Media objects to the Requests, and Plaintiff's Definitions and

19 Instructions that accompany them, to the extent that they are not reasonably limited

20 in time or geographic scope.

21     10.    Multi Media objects to the Requests, and Plaintiff's Definitions and

22 Instructions that accompany them, to the extent they seek information available

23 through public sources or in the possession, custody, or control of Plaintiff.

24     11.    Multi Media objects to the definitions of "Person" and "Persons" as

25 vague and ambiguous, overbroad, and unduly burdensome, to the extent they

26 purport to include a Person's "agents, representatives, employees, officers and

27 directors and anyone else acting on its, his or her behalf, pursuant to its, his or her

28 authority or subject to its, his or her control."  Multi Media will give the term

1  "Person" its ordinary legal meaning, consistent with and in compliance with Multi

2  Media's obligations under the Federal Rules of Civil Procedure.

3      12.    Multi Media objects to the definition of "Thothub" as vague and

4  ambiguous, and overbroad and unduly burdensome, in particular as to the undefined

5  compound term "its related forums, URLs, and web domains."  Multi Media will

6  interpret the term "Thouthub" to mean the Thothub.tv website.

7      13.    Multi Media objects to the definition of "Document" or "Documents"

8  to the extent they exceed the definition and usage of the term "documents" in

9  Federal Rule of Civil Procedure 34, which draws a distinction between the terms

10  "documents" and "electronically stored information."  Multi Media will interpret the

11  terms "documents" and "document" as they are defined by Federal Rule of Civil

12  Procedure 34.

13      14.    Multi Media objects to the definition of "Communication" or

14  "Communications" as overbroad and unduly burdensome, including to the extent it

15  exceeds the definition and usage of the term "documents" in Federal Rule of Civil

16  Procedure 34, and including to the extent it purports to cover documents or

17  information in the possession, custody or control of third parties or that is publicly

18  available or otherwise equally available to Plaintiff, and in particular to the extent it

19  purports to include "statements, media releases, magazine and newspaper articles,

20  and video and audio transmissions."

21                              **RESPONSES**

22  **REQUEST FOR PRODUCTION NO. 1:**

23      All documents, communications, and things containing the term "Thothub" or

24  "Thot hub" or "Thothub.tv".

25

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

27      Multi Media incorporates each of its General Objections by reference.  Multi

28  Media further objects to this Request on the basis that it is vague and ambiguous,

particularly with respect to the term(s) and/or phrase(s) "Thothub" because it is inconsistent with the way it is defined in Plaintiff's definitions.  Multi Media further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the subject matter of this action nor proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1), including to the extent that it does not describe with reasonable particularity the relevant items to be produced, nor does it specify a limited time period to which the request applies.  Multi Media further objects to the extent this Request seeks information outside any period relevant to any party's claim or defense.  Multi Media further objects to this Request to the extent that it seeks production of documents and things that are protected by the attorney-client privilege, attorney work product immunity, or other privilege, immunity, or protection afforded by law.

Subject to and without waiving the foregoing objections and General Objections above, Multi Media will produce any responsive, relevant, and non-privileged documents that are within its possession, custody, or control and that are located after a reasonable search.  Multi Media reserves the right to supplement, amend, or revise its response to this Request, including upon further investigation.

**REQUEST FOR PRODUCTION NO. 2:**

All documents, communications, and things relating to the terms and conditions of any agreement to advertise Chaturbate on Thothub.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Multi Media incorporates each of its General Objections by reference.  Multi Media further objects to this Request on the basis that it is vague and ambiguous, particularly with respect to the term(s) and/or phrase(s) "Thothub" and "agreement." Multi Media further objects to this Request on the grounds that it is overly broad,

1 unduly burdensome, and seeks information that is not relevant to the subject matter

2 of this action nor proportional to the needs of the case in light of the factors set forth

3 in Fed. R. Civ. P. 26(b)(1), particularly to the extent that it does not describe with

4 reasonable particularity the relevant items to be produced.  Multi Media further

5 objects to this Request on the grounds that it does not specify a limited time period

6 to which the request applies, and Multi Media objects to the extent this Request

7 seeks information outside any period relevant to any party's claim or defense.  Multi

8 Media further objects to this Request to the extent that it seeks production of

9 documents and things that are protected by the attorney-client privilege, attorney

10 work product immunity, or other privilege, immunity, or protection afforded by law.

11 Multi Media further objects to this Request to the extent it seeks information or

12 documents that are in the possession, custody, or control of third parties.

13      Subject to and without waiving the foregoing objections and General

14 Objections above, Multi Media will produce any responsive, relevant, and non-

15 privileged documents that are within its possession, custody, or control relating to

16 the terms and conditions of any agreement to advertise Chaturbate on Thothub.

17 Multi Media reserves the right to supplement, amend, or revise its response to this

18 Request, including upon further investigation.

19

20 **REQUEST FOR PRODUCTION NO. 3:**

21      All communications between Chaturbate and CrakRevenue.

22

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

24      Multi Media incorporates each of its General Objections by reference.  Multi

25 Media further objects to this Request on the basis that it is vague and ambiguous,

26 particularly with respect to the term(s) and/or phrase(s) "Chaturbate."  Multi Media

27 further objects to this Request on the grounds that it is overly broad, unduly

28 burdensome, and seeks information that is not relevant to the subject matter of this

1    action nor proportional to the needs of the case in light of the factors set forth in

2    Fed. R. Civ. P. 26(b)(1), particularly to the extent that it does not describe with

3    reasonable particularity the relevant items to be produced.  Multi Media further

4    objects to this Request on the grounds that it does not specify a limited time period

5    to which the request applies, and Multi Media objects to the extent this Request

6    seeks information outside any period relevant to any party's claim or defense.  Multi

7    Media further objects to this Request to the extent that it seeks production of

8    documents and things that are protected by the attorney-client privilege, attorney

9    work product immunity, or other privilege, immunity, or protection afforded by law.

10       Subject to and without waiving the foregoing objections and General

11   Objections above, Multi Media is willing to meet and confer regarding this Request

12   in order to reach an agreement on a more narrow and/or clarified request.  Multi

13   Media reserves the right to supplement, amend, or revise its response to this Request

14   as appropriate once a protective order is entered and Multi Media's objections are

15   resolved.

16

17   **REQUEST FOR PRODUCTION NO. 4:**

18       All agreements between Chaturbate and CrakRevenue.

19

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

21       Multi Media incorporates each of its General Objections by reference.  Multi

22   Media further objects to this Request on the basis that it is vague and ambiguous,

23   particularly with respect to the term(s) and/or phrase(s) "agreements."  Multi Media

24   further objects to this Request on the grounds that it is overly broad, unduly

25   burdensome, and seeks information that is not relevant to the subject matter of this

26   action nor proportional to the needs of the case in light of the factors set forth in

27   Fed. R. Civ. P. 26(b)(1). Multi Media further objects to this Request on the grounds

28   that it does not specify a limited time period to which the request applies, and Multi

1  Media objects to the extent this Request seeks information outside any period
2  relevant to any party's claim or defense.  Multi Media further objects to this Request
3  to the extent that it seeks production of documents and things that are protected by
4  the attorney-client privilege, attorney work product immunity, or other privilege,
5  immunity, or protection afforded by law.

6      Subject to and without waiving the foregoing objections and General
7  Objections above, Multi Media is willing to meet and confer regarding this Request
8  in order to reach an agreement on a more narrow and/or clarified request.  Multi
9  Media reserves the right to supplement, amend, or revise its response to this Request
10  as appropriate once a protective order is entered and Multi Media's other objections
11  are resolved.

12

13  **REQUEST FOR PRODUCTION NO. 5:**

14      All communications between Chaturbate and any person acting or purporting
15  to act on behalf of Thothub.

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

18      Multi Media incorporates each of its General Objections by reference.  Multi
19  Media further objects to this Request on the basis that it is vague and ambiguous,
20  particularly with respect to the term(s) and/or phrase(s) "Thothub," "person," and
21  "purporting to act on behalf of." Multi Media lacks the ability to determine whether
22  any person was "acting … on behalf of Thothub," and on that basis further objects
23  that this request is vague and ambiguous, and overbroad and unduly burdensome.
24  Multi Media further objects to this Request on the grounds that it is overly broad,
25  unduly burdensome, and seeks information that is not relevant to the subject matter
26  of this action nor proportional to the needs of the case in light of the factors set forth
27  in Fed. R. Civ. P. 26(b)(1), particularly to the extent that it does not describe with
28  reasonable particularity the relevant items to be produced.  Multi Media further

objects to this Request on the grounds that it does not specify a limited time period to which the request applies, and Multi Media objects to the extent this Request seeks information outside any period relevant to any party's claim or defense.  Multi Media further objects to this Request to the extent that it seeks production of documents and things that are protected by the attorney-client privilege, attorney work product immunity, or other privilege, immunity, or protection afforded by law. Multi Media further objects to this Request to the extent it seeks information or documents that are in the possession, custody, or control of third parties.

Subject to and without waiving the foregoing objections and General Objections above, Multi Media is willing to meet and confer regarding this Request in order to reach agreement on a more narrow and/or clarified request.  Multi Media reserves the right to supplement, amend, or revise its response to this Request as appropriate once a protective order is entered and Multi Media's objections are resolved.

**REQUEST FOR PRODUCTION NO. 6:**

Records sufficient to identify any revenue Chaturbate has made related to its advertisements on Thothub.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Multi Media incorporates each of its General Objections by reference.  Multi Media further objects to this Request on the basis that it is vague and ambiguous, particularly with respect to the term(s) and/or phrase(s) "revenue," "advertisements," and "Thothub."  Multi Media further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the subject matter of this action nor proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1).  Multi Media further objects to this Request on the grounds that it does not specify a limited time period

1  to which the request applies, and Multi Media objects to the extent this Request

2  seeks information outside any period relevant to any party's claim or defense.  Multi

3  Media further objects to this Request to the extent that it seeks production of

4  documents and things that are protected by the attorney-client privilege, attorney

5  work product immunity, or other privilege, immunity, or protection afforded by law.

6       Subject to and without waiving the foregoing objections and General

7  Objections above, Multi Media will produce responsive, relevant, and non-

8  privileged documents that are within their possession, custody, or control.  Multi

9  Media reserves the right to supplement, amend, or revise its response to this Request

10  as appropriate once a protective order is entered and Multi Media's other objections

11  are resolved.

12

13  **REQUEST FOR PRODUCTION NO. 7:**

14       All records reflecting any Commissions paid directly or indirectly to the

15  operators or purported operators of Thothub.

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

18       Multi Media incorporates each of its General Objections by reference.  Multi

19  Media further object to this Request on the basis that it is vague and ambiguous,

20  particularly with respect to the term(s) and/or phrase(s) "Thothub."  Pursuant to its

21  objections, Multi Media interprets the term "Thothub" to refer to the thothub.tv

22  website. Multi Media further objects that the undefined term "operators or purported

23  operators of Thothub" is vague and ambiguous, and overbroad and unduly

24  burdensome.  Multi Media further objects that the term "agreements" is vague and

25  ambiguous, and overbroad and unduly burdensome.  Multi Media further objects to

26  this Request on the grounds that it is overly broad, unduly burdensome, and seeks

27  information that is not relevant to the subject matter of this action nor proportional

28  to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1).

1  Multi Media further objects to this Request on the grounds that it does not specify a

2  limited time period to which the request applies, and Multi Media objects to the

3  extent this Request seeks information outside any period relevant to any party's

4  claim or defense.  Multi Media further objects to this Request to the extent that it

5  seeks production of documents and things that are protected by the attorney-client

6  privilege, attorney work product immunity, or other privilege, immunity, or

7  protection afforded by law.

8         Subject to and without waiving the foregoing objections and General

9  Objections above, Multi Media will produce responsive, relevant, and non-

10  privileged documents that are within its possession, custody, or control sufficient to

11  show Commissions paid directly or indirectly to the operators or purported operators

12  of Thothub.  Multi Media reserves the right to supplement, amend, or revise its

13  response to this Request as appropriate once a protective order is entered and Multi

14  Media's other objections are resolved.

15

16  **REQUEST FOR PRODUCTION NO. 8:**

17         All documents containing any identifying information, including name, date

18  of birth, social security number, credit card numbers, email addresses, physical

19  addresses, IP addresses, bank accounts, credit cards, or other information related to

20  the identity of any person acting or purporting to act on behalf of Thothub.

21

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

23         Multi Media incorporates each of its General Objections by reference.  Multi

24  Media further objects to this Request on the basis that it is vague and ambiguous,

25  particularly with respect to the term(s) and/or phrase(s) "Thothub."  Multi Media

26  further objects to this request as vague and ambiguous, as overbroad and unduly

27  burdensome, as not proportional to the needs of this case in light of the factors set

28  forth in Fed. R. Civ. P. 26(b)(1), and as outside the scope of permissible discovery

1  because it lacks relevance to any claim or defense currently at issue in this case.

2  Multi Media further objects to this request to the extent it seeks information or

3  documents that are in the possession, custody or control of third parties.  Multi

4  Media further objects to the extent that this request purports to require Multi Media

5  to disclose information that infringes on any individual's right of privacy or that

6  Multi Media is not permitted to produce under applicable law, whether under the

7  United States or any state constitution, federal or state statute, regulation, or

8  common law, treaty or international law, the positive law or common law of any

9  applicable jurisdiction, or any binding agreement of any kind, including any terms

10 of user, terms of service, contract, license, policy, or otherwise.  Multi Media further

11 objects to this Request because it is not reasonably limited as to time, and to the

12 extent it seeks information outside any period relevant to any party's claim or

13 defense. Multi Media further objects to this Request to the extent that it seeks

14 production of documents and things that are protected by the attorney-client

15 privilege, attorney work product immunity, or other privilege, immunity, or

16 protection afforded by law.

17        Subject to and without waiving the foregoing objections and General

18 Objections above, Multi Media will produce responsive, relevant, and non-

19 privileged documents that are within its possession, custody, or control sufficient to

20 show documents containing information related to the identity of any person acting

21 or purporting to act on behalf of Thothub.  Multi Media reserves the right to

22 supplement, amend, or revise its response to this Request as appropriate once a

23 protective order is entered and Multi Media's other objections are resolved.

24

25

26

27

28

1

2   DATED:  November 16, 2020          QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP
3

4

5

6

7                                      By _____
8                                         QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP
9                                         Michael T. Zeller (Bar No. 196417)
                                          michaelzeller@quinnemanuel.com
10                                        865 South Figueroa Street, 10th Floor
                                          Los Angeles, California 90017-2543
11                                        Telephone:  (213) 443-3000
                                          Facsimile:   (213) 443-3100
12

13

14                                        Attorney for Defendants Multi Media LLC
                                          and Sonesta Technologies, Inc. (f/k/a
15                                        BangBros.com Inc.)

16

17

18

19

20

21

22

23

24

25

26

27

28

06917-00008/12427902.2   DEFENDANT MULTI MEDIA LLC'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION
**APP. 043**

1

2                          **CERTIFICATE OF SERVICE**

3          The undersigned hereby certifies that, on November 16, 2020, the foregoing

4   document was served on Plaintiffs' counsel of record by email.

5

6                                            */s/ Michael Deamer*

7                                           **Michael Deamer**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28