Ben M. Davidson (State Bar No. 181464)
ben@dlgla.com
Craig S. Hubble (State Bar No. 200789)
craig@dlgla.com
DAVIDSON LAW GROUP, ALC
4500 Park Granada Blvd, Suite 202
Calabasas, California  91302
Office: (818) 918-4622
Fax: (310) 473-2941

Attorneys for Defendant 4355768 Canada Inc.
dba Crakmedia

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DENIECE WAIDHOFER, an individual, Margaret McGehee, an individual, Ryuu Lavitz, LLC, a Massachusetts Limited Liability Company,<br><br>              Plaintiffs,<br><br>       v.<br><br>CLOUDFLARE, INC., a Delaware corporation; BANGBROS.COM, INC., a Florida corporation; SONESTA TECHNOLOGIES, INC., a Florida corporation; MULTI MEDIA LLC, a California limited liability company; CRAKMEDIA INC., a Canadian corporation; and JOHN DOES 1-21, as-unidentified individuals,<br><br>              Defendants. | Case No. 2:20-cv-06979-FMO-AS<br><br>**Crakmedia's Notice of Motion And Motion To Dismiss First Amended Complaint**<br><br>[Filed concurrently with Memorandum of Points and Authorities, Supporting Declaration of Ben M. Davidson and [Proposed] Order]<br><br>**Date:  March 18, 2021**<br>**Time:  10:00 a.m.**<br>**Courtroom:  First Street Courthouse, Room 6D**<br><br>**Hon. Fernando M. Olguin** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on March 17, 2021 at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located in the United States Courthouse at 350 W. 1st Street, Los Angeles, CA 90012, 6th Floor, Courtroom 6D, Defendant 4355768 Canada Inc. dba Crakmedia ("Crakmedia"), by and through its undersigned counsel, will and hereby does move the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Counts Five, Two, and Three in the First Amended Complaint filed by Plaintiffs Deniece Waidhofer, Margaret McGehee, and Ryuu Lavitz, LLC 18 (collectively, "Plaintiffs") for the reasons set forth below and as explained in detail in Crakmedia's Memorandum and Points and Authorities ("MPA") filed concurrently herewith.

Plaintiffs' Count Five for Contributory Copyright Infringement should be dismissed for the reason that Plaintiffs do not allege any facts that could support a claim that Crakmedia acquired or possessed actual knowledge of any specific infringements of Plaintiffs' works. Plaintiffs also fail to allege any facts that could support an allegation that Crakmedia engaged in any cognizable act of "material contribution" to any alleged infringements, as such term has been interpreted by courts in this Circuit. To the contrary, Plaintiffs' claims are foreclosed by *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 797 (9th Cir. 2007), in which the Ninth Circuit held that for purposes of secondary liability, "material contribution" does not extend to conduct such as advertising that "may have the effect of increasing such infringement."

Plaintiffs' Count Two for Conspiracy to Violate RICO should be dismissed for the reason that it is based on an allegation of money laundering. As such, this claim must be plead with particularity under Rule 9(b), which Plaintiffs have failed to do. Plaintiffs' Count Two also fails because Plaintiffs have not plausibly alleged facts showing that Crakmedia agreed to participate in a criminal copyright infringement scheme. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)(bare assertions of

conspiracy and conclusory allegations of agreement insufficient to avoid dismissal under Rule 12(b)(6)); *Baumer v. Pachl*, 8 F.3d 1341, 1347 (9th Cir. 1993)(citation omitted)("An allegation of "association, alone, with the enterprise is … insufficient for violation of RICO: an individual *must agree* to participate in the affairs of the enterprise"); *Martinelli v. Petland, Inc.*, No. CV-09-529-PHX-DGC, 2010 U.S. Dist. LEXIS 5965, at *25 (D. Ariz. Jan. 26, 2010)("To satisfy [*Twombly*] pleading requirement for a [RICO] conspiracy claim, the complaint must include allegations 'plausibly suggesting (not merely consistent with) agreement.'"). Additionally, Plaintiffs lack standing because the alleged RICO violation was not the "but for" or "proximate" cause of their injuries. Such causation is lacking where – as here – "the court would have to engage in a speculative and complicated analysis to determine what percentage of … decreased sales, if any, were attributable to" alleged RICO violations. *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1148 (9th Cir. 2008).

Plaintiffs' Count Three for Investing Income from a RICO Enterprise should be dismissed because it, too, is based on an allegation of money laundering and must be plead with particularity under Rule 9(b). Plaintiffs' Count Three also fails because "[r]einvestment of proceeds from alleged racketeering activity back into the enterprise to continue its racketeering activity is insufficient to show proximate causation" supporting a RICO claim. *Sybersound*, 517 F.3d at 1149; *Bodtker v. Forest City Trading Grp.*, CV-99-533-ST, 1999 U.S. Dist. LEXIS 15345, at *9 (D. Or. Sep. 9, 1999)(using racketeering proceeds to "conceal the racketeering activities" does not constitute reinvestment injury).

This Motion is made following a telephonic conference of counsel and attempts to revolve or narrow the disputes pursuant to Local Rule 7-3 on January 29, 2021, for over an hour, between undersigned, counsel for Crakmedia, and counsel for Plaintiffs, Mr. Brett S. Rosenthal.

CRAKMEDIA'S MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Crakmedia's Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Ben M. Davidson and supporting exhibits, the proposed Order submitted herewith, the pleadings in this matter and such other arguments the Court may consider at any hearing on this matter.

DATED: February 5, 2021         Respectfully submitted,

                                DAVIDSON LAW GROUP, ALC

                                 /s/ Ben M. Davidson
                                *Attorneys for Defendant Crakmedia*

CRAKMEDIA'S MOTION TO DISMISS