1
2  REESE MARKETOS LLP
3  Brett S. Rosenthal (*pro hac vice*)
   Joel W. Reese (*pro hac vice*)
4  Josh M. Russ (*pro hac vice*)
   Sean F. Gallagher (*pro hac vice*)
5  brett.rosenthal@rm-firm.com
6  750 N. Saint Paul Street, Ste. 600
   Dallas, Texas 75201-3202
7  Telephone: (214) 382-9810
8  Facsimile: (214) 501-0731

REITER GRUBER LLP
Charles Reiter (SBN 306381)
Robert Gruber (SBN 301620)
creiter@reitergruber.com
100 Wilshire Blvd, Suite 700
Santa Monica, California 90401-3602
Telephone: (310) 496-7799

9  *Attorneys for Plaintiffs*

10
11              **UNITED STATES DISTRICT COURT**
12              **CENTRAL DISTRICT OF CALIFORNIA**

13
14  DENIECE WAIDHOFER, an individual;     Case No. 2:20-cv-06979
    MARGARET MCGEHEE, an individual;
15  and RYUU LAVITZ, LLC, a               **DECLARATION OF BRETT S.**
    Massachusetts limited liability company; **ROSENTHAL IN SUPPORT OF**
16                                        **PLAINTIFFS' PORTION OF**
17                     Plaintiffs,        **JOINT STIPULATION**
                                          **REGARDING DISCOVERY TO**
18  v.                                    **MULTI MEDIA LLC**

19  CLOUDFLARE, INC., a Delaware
    corporation; BANGBROS.COM, INC., a
20  Florida corporation; SONESTA
21  TECHNOLOGIES, INC., a Florida
    corporation; MULTI MEDIA LLC, a
22  California limited liability company;
23  CRAKMEDIA INC., a Canadian
    corporation; and JOHN DOES 1-21, as-yet
24  unidentified individuals,
25
                       Defendants.
26
27
28

I, Brett S. Rosenthal, am over the age of 18 and competent to give this declaration. I submit this declaration freely and voluntarily.

1. I am lead counsel for the Plaintiffs in the above case.

2. Exhibit A to this declaration is a true and correct copy of the first set of requests for production ("RFPs") that my firm served on Defendant Multi Media LLC ("Multi Media") in this case, which were served on October 15, 2020.

3. Exhibit B to this declaration is a true and correct copy of Multi Media's responses and objections to the first RFPs, which were served on November 16, 2020.

4. Exhibit C to this declaration is a true and correct copy of the letter that was delivered to Multi Media's counsel on December 14, 2020 regarding deficiencies in its discovery responses, in accordance with Local Rule 37-2. The letter also addresses deficiencies in Defendant BangBros, Inc.'s ("BangBros") discovery responses because it was represented by the same counsel. However, BangBros is no longer a party in this case.

5. Exhibit D to this declaration is a true and correct copy of email correspondence from December 23, 2020 between Plaintiffs' counsel and Multi Media's counsel.

6. Exhibit E to this declaration is a true and correct copy of the amended complaint in this action (Dkt 68).

7. Exhibit F to this declaration is a true and correct copy of the scheduling order entered in this action (Dkt 90).

8. Exhibit G to this declaration is a true and correct copy of the Stipulated Protocol for Producing Documents and ESI in this action (Dkt 96).

9. Exhibit H to this declaration is a true and correct copy of the stipulated protective order entered in this action (Dkt 100).

10. On December 23, I participated in a telephone conference with ulti Media's counsel regarding discovery issues raised in Plaintiffs' deficiency letter, in accordance with Local Rule 37-2. At the end of that conference, my co-counsel Mr. Gallagher (who has since left my firm and withdrawn from this case) sent the email noted above (Exhibit D) to memorialize Plaintiffs' agreements to clarify certain requests that Multi Meida had raised concerns about.

11. Subsequently, I have conferred by phone with Multi Media's counsel on multiple occasions regarding the discovery requests, including on February 5 and February 11. Multi Media's counsel has indicated that Multi Media will not produce responsive documents unless and until Plaintiffs agree to a search protocol that limits Multi Media's search to certain custodians and search terms. Although I agreed to discuss a search protocol for RFP No. 8 as a gesture of good faith, I explained to Multi Media's counsel that I had not seen any evidence that a search protocol was needed to avoid an undue burden for any of the requests. Furthermore, I explained that Plaintiffs do not have insight into Multi Media's document-management

systems, custodians, and nomenclature to be able to agree to a search protocol. Finally, I explained that most of the requests are, in my opinion, not amenable to a search protocol because they seek well-defined items such as all documents that contain the term "Thothub," all records regarding commissions paid to Thothub, and all communications with Multi Media's alleged agent, CrakRevenue.

12.  As of this writing (*i.e.*, February 11, 2021), Multi Media has not produced any documents in this case.

13.  I swear under penalty of perjury that this information is true and correct to the best of my knowledge, information, and belief.

Executed by me this 11th day of February, 2021.

_____
Brett S. Rosenthal