QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Michael T. Zeller (Bar No. 196417)
   michaelzeller@quinnemanuel.com
  Gregory A. Fuoco (Bar No. 308073)
   gregfuoco@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Defendant Multi Media, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIECE WAIDHOFER, an individual; MARGARET MCGEHEE, an individual; and RYUU LAVITZ, LLC, a Massachusetts limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>CLOUDFLARE, INC., a Delaware corporation; BANGBROS.COM, INC., a Florida corporation; SONESTA TECHNOLOGIES, INC., a Florida corporation; MULTI MEDIA LLC, a California limited liability company; CRAKMEDIA INC., a Canadian corporation; and JOHN DOES 1-21, as-yet unidentified individuals,<br><br>Defendants. | Case No. 2:20-cv-06979<br><br>**MULTI MEDIA, LLC'S SUPPLEMENTAL MEMORANDUM SUPPORTING ITS PORTIONS OF THE JOINT STIPULATION REGARDING PLAINTIFFS' DISCOVERY REQUESTS TO MULTI MEDIA, LLC**<br><br>**JUDGE:** Hon. Alka Sagar<br>[Discovery Dispute]<br>**DATE:** Mar. 16, 2021<br>**TIME:** 10:00 AM PST<br>**COURT:** Courtroom 540 – 5th Floor<br>255 E. Temple St.<br>Los Angeles, CA 90012<br>**DISC. CUTOFF:** May 21, 2021<br>**PRETRIAL CONF:** Nov. 19, 2021<br>**TRIAL DATE:** Dec. 14, 2021 |

MULTI MEDIA, LLC'S SUPPLEMENTAL MEMORANDUM RE JOINT STIPULATION

In agreeing to produce documents, Multi Media, LLC ("Multi Media") repeatedly asked plaintiffs to discuss search terms and protocols so that the collection and production process can be done thoroughly, efficiently and without unnecessary serial litigation over ESI issues. Such agreements are a standard part of discovery practice in this District, and plaintiffs agreed to meet and confer on those topics in the ESI Stipulation. Plaintiffs' failure to fulfil their obligations has held up Multi Media's production, as Multi Media does not know what scope of documents plaintiffs expect it to search, particularly given the significant overbreadth of plaintiffs' requests.

After apparently recognizing how untenable their former positions are, and after yet another invitation by Multi Media, plaintiffs belatedly agreed to meet and confer as required by the ESI Stipulation and to an IDC process should no agreement be reached. Of course, this is exactly (1) what Multi Media has been asking plaintiffs do for months, (2) what Multi Media proposed during the Rule 37-1 prefiling conferences to resolve plaintiffs' ill-conceived motion, and (3) what Multi Media requested in its portions of the Joint Stipulation. Yet, it was not until *after* plaintiffs filed the current motion that they finally agreed to do what they were required to do, and should have done all along, so that Multi Media can search its ESI and produce documents.

Furthermore, as the Court stated at today's hearing, plaintiffs' overbroad requests should, at a minimum, be narrowed so that they are limited to the time periods and subject matters involved in this case. Multi Media has scheduled a meet and confer with plaintiffs to discuss an appropriate narrowing of the issues in dispute here in light of the Court's rulings. Barring agreement, however, the Court's rulings should apply equally to the plaintiffs' discovery requests at issue here.

The Court should deny plantiffs' motion, order plaintiffs to continue to meet and confer with Multi Media and, should disagreements remain, set this matter for an IDC.

## I. PLAINTIFFS REFUSE TO COOPERATE REASONABLY IN DISCOVERY

As discussed in Multi Media's portions of the Joint Stipulation, for some five months now, Multi Media asked plaintiffs to discuss reasonable, workable search terms and protocols that would allow Multi Media to conduct a fulsome search, review and production of its ESI in this case. (Feb. 18, 2021 Fuoco Decl. ¶¶ 15-17, 19, 21-22.)[1] Each time, however, plaintiffs declined to agree to propose search terms. (Feb. 18, 2021 Fuoco Decl. ¶¶ 17, 19, 22; *id*. Ex. 1 (Feb 4, 2021 Letter from G. Fuoco to B. Rosenthal).) Plaintiffs even flatly refused to consider proposing search terms for RFPs 5 and 7 or otherwise working with Multi Media to develop them. (Feb. 18, 2021 Fuoco Decl. ¶¶ 16-18; *id*. Ex. 3 (Feb. 5, 2021 Email from B. Rosenthal to G. Fuoco).)

On February 11, 2021, plaintiffs served the joint stipulation at issue here on Multi Media, and they filed the current motion on February 22, 2021. (Mar. 2, 2021 Fuoco. Decl. ¶¶ 2-4.) In Multi Media's portions of the Joint Stipulation, it pointed out based on the extensive record that plaintiffs had failed entirely, and at times flatly refused, to discuss reasonable search terms and protocols despite their obligations to do so under case law and the ESI Stipulation. (*E.g.* Joint Stip. at 4-7, 32-33.)

---

[1] Specifically, Multi Media made and followed up on these requests in (1) the parties' October 2020 Rule 26(f) conference; (2) the parties' November 2020 Rule 26(f) conference; (3) Multi Media's February 4, 2021 letter; and (4) the parties' February 5, 2021, and February 11, 2021 telephone conferences. (Zeller Decl. ¶ 2; Feb. 18, 2021 Fuoco Decl. ¶¶ 16-18, 20-22; *id*. Ex. 1 (Feb 4, 2021 Letter from G. Fuoco to B. Rosenthal.)

On February 24, 2021, Multi Media sent plaintiffs another request that they meet and confer and invited an exchange of specific search terms. (Mar. 2, 2021 Fuoco. Decl. ¶ 5; Ex. 8.) In response, on February 26, 2021, plaintiffs belatedly agreed—for the first time—to negotiate search terms and protocol and replied to Multi Media with plaintiffs' own proposed set of terms and protocol. (Mar. 2, 2021 Fuoco. Decl. ¶ 6; Ex. 9.)

The Court should enforce the ESI Stipulation and require the parties to complete the meet and confer process before it considers plaintiffs' motion to compel.

## II. PLAINTIFFS' DISCOVERY REQUESTS SHOULD BE TAILORED AS TO SUBJECT MATTER AND TIME

Plaintiffs' RFPs are overbroad as to subject matter and time period, and they should be narrowed. As the Court stated at the March 2, 2021 hearing on Cloudflare's discovery responses, no evidence has been presented that Thothub.tv existed before May 23, 2018. Thus, each of plaintiffs' RFPs should be limited to documents dated from May 24, 2018, until the filing of the initial complaint given that plaintiffs have not articulated a sufficient nexus between documents before this date and the issues in this case. This is particularly true for RFPs 1, 2 and 5 in light of the Court's limitations on virtually identical RFPs to Cloudflare in this case. Similarly, RFPs 3 and 4, which request "all communications" and "all agreements" between Multi Media and CrakRevenue, should be limited to documents from May 24, 2018, onwards given that Thothub did not exist before then, and communications Multi Media and CrakRevenue may have had in prior years would have no relevance to the issues in this case.

Additionally, RFP 1's request for all documents "containing the term 'Thothub' or 'Thot hub' or 'Thothub.tv'" is overbroad given that it contains no limitation regarding to the subject matter of these documents. Thus, RFP 1 should

be appropriately limited here, as it was for Cloudflare, to (1) agreements between Multi Media and the operators of thothub.tv; (2) documents sufficient to show notices of claimed copyright infringement submitted to Multi Media that refer to allegedly infringing content on thothub.tv; (3) communications concerning thothub.tv between Multi Media and any person purporting to act on behalf of Thothub; and (4) documents sufficient to show payments Multi Media received related to advertisements on Thothub.

Similarly overbroad are RFPs 5 and 7, which seek all communications with and payments to "the operators or purported operators of Thothub." Given that people often own and run more than one website, the Court limited identical language in an RFP to Cloudflare to only communications concerning the Thothub.tv website. Accordingly, RFPs 5 and 7 should be similarly limited to communications and payments concerning Thothub.tv.

DATED: March 2, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____
Michael T. Zeller
Attorney for Defendant Multi Media, LLC