UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 20-6979 FMO (ASx) | Date | March 10, 2021 |
|---|---|---|---|
| Title | *Deniece Waidhofer, et al. v. Cloudflare, Inc., et al.* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | AT&T 03/02/21 |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Brett Rosenthal | Thomas Kearney, Leah Romm |
| Joshua M. Russ | Michael Zeller, Craig Hubble, Ben Davidson |

**Proceedings (In Chambers):**      **Order GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO DISCOVRY (Dkt. No. 120)**

On February 9, 2021, the parties filed a Joint Stipulation regarding Plaintiffs' motion to compel responses to certain discovery requests from Defendant Cloudfare Inc. ("Joint Stip.") (Dkt. No. 120). A telephonic hearing was held on March 2, 2021. The Court has reviewed the joint stipulation and attached declarations and exhibits, and heard from the parties. This Order now issues:

On November 4, 2020, Plaintiffs Denice Waidhoffer, Margaret MGehee and Ryuu Lavitz, LLC filed the operative First Amended Complaint ("FAC"), alleging copyright infringement, vicarious and/or contributory copyright infringement against Defendants Cloudfare, Inc., ("Cloudfare"), BangBros.Com, Inc., Sonesta Technologies, Inc., Multi Media LLC., (collectively "advertising Defendants"), Crakmedia Inc., ("CrakRevenue"), and John Does 1-21, ("Operators") (Dkt. No. 68 ).[1] The FAC alleges that Plaintiffs own valid copyrights[2] in certain artistic photographs of themselves which are sold to paid subscribers and fans on licensed websites "OnlyFans," and "Patreon." (Id. at 2). Plaintiffs allege that

---

    [1]      The FAC also alleges causes of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO") , and unfair competition against the operators, advertising Defendants and CrakRevenue.

    [2]      Plaintiff Ryuu Lavitz LLC owns the copyrights for Ryan Lavitz..

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 20-6979 FMO (ASx) | Date | March 10, 2021 |
|---|---|---|---|
| Title | *Deniece Waidhofer, et al. v. Cloudflare, Inc., et al.* | | |

Thothub.tv, a pirate website, published and unlawfully distributed Plaintiffs' copyrighted works to its members and visitors. Id. at 3. Plaintiffs claim that Defendant Cloudfare, an internet service provider that provides infrastructure support and security services to websites, including Thothub.tv, facilitated copyright infringement on Thothub and directly and indirectly infringed Plaintiffs' copyrighted works by distributing copies of Plaintiffs' works through its content delivery network, storing Thothub's main pages on its own network and continuing to support Thothub's ongoing infringement, even after receiving takedown notices. Id. at 5-6, 60-61.[3]

Answering Defendants deny all claims in their entirety and have filed motions to dismiss the FAC. (Dkt. Nos. 84-85, 116).

### A. Motion to Compel

Plaintiff claims that Cloudfare asserted boilerplate objections to its initial set of discovery requests, including nine tailored requests for production and three targeted interrogatories, and failed to produce documents and provide adequate responses. (Joint Stip. at 1). After the parties met and conferred, Defendants produced five (5) documents and indicated that it would continue to produce additional responsive documents but failed to do so as of the date on which the motion was filed. Cloudfare maintains that their objections to Plaintiffs' requests are well-founded as Plaintiffs' requests are vague, overbroad and irrelevant. Nevertheless, Cloudfare has agreed to produce categories of responsive documents to Requests for Production Nos. 2, 3, 4, 5 and 6.

After hearing from the parties, the Court finds the relevant time period for document production to be June 6, 2018, the date on which Cloudfare started its relationship with Thothub, to August 3, 2020, the date on which the complaint in this case was filed. With respect to RFP No. 5, which seeks all

---

[3] The FAC alleges that the advertising Defendants operate-adult content websites and funded Thothub's operations by advertising their services on Thothub through an affiliate marketing relationship with Defendant CrakRevenue through which they paid commissions to Thothub. Id. at 66-67. Plaintiffs claim that John Does 1-21, using pseudonyms, operate Thothub. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 20-6979 FMO (ASx) | Date | March 10, 2021 |
|---|---|---|---|
| Title | *Deniece Waidhofer, et al. v. Cloudflare, Inc., et al.* | | |

communications between Cloudfare and any person acting or purporting to act on behalf of Thothub, the relevant time period is May 23, 2018 to August 3, 2020.

RFP Nos. 2, 4, 5, 6

At the hearing, Cloudfare confirmed that it has *now* produced all responsive documents to Plaintiffs' RFP Nos. 2, 4, 5 and 6, and is not withholding documents based on its asserted objections to these requests. Cloudfare also confirmed that it will produce additional documents in response to RFP Nos. 4 and 5, after it has completed its review of documents, no later than two weeks from the date of the hearing. Accordingly, Plaintiffs' motion to compel responses to RFP Nos. 2, 4, 5 and 6 is DENIED.

RFP No. 5 seeks the production of all communication between Cloudfare and "any person acting or purporting to act on behalf of Thothub." (Joint Stip. at 40). The Court will permit Cloudfare to limit its production to communications with persons acting or purporting to act on behalf of "Thothub.tv." Plaintiffs may provide Cloudfare with the names of additional websites operated by such persons that displayed the copyrighted works at issue to include in their search. If Plaintiffs believe, after reviewing Cloudfare's production of documents responsive to RFP No. 5, that additional responsive documents were not produced, the parties shall meet and confer regarding any additional search terms that could be used to search for responsive communications with identified persons acting or purporting to act on behalf of Thothub.

RFP No. 1

RFP No. 1 seeks the production of "all documents, communications, and things containing the term "Thothub" or "Thot hub" or "Thothub.tv." Cloudfare asserts various boilerplate objections to the request, including that it is vague and ambiguous, overbroad, and unduly burdensome, and seeks information that is not relevant, and protected by the attorney client privilege or work product. (Joint Stip. at 21-22). The Court finds the request impermissibly overbroad. Cloudfare has agreed to produce a broad range of non-privileged and non-work product documents for the relevant time period relating to the following topics: agreements between Cloudfare and Thothub, analytics and metrics provided to Thothub's operators, notices of claimed copyright infringement submitted to Cloudfare that refer to infringing content on the Thothub.tv website, communications concerning the Thothub.tv website and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 20-6979 FMO (ASx) | Date | March 10, 2021 |
|---|---|---|---|
| Title | *Deniece Waidhofer, et al. v. Cloudflare, Inc., et al.* | | |

payments received from Thothub.tv. (Joint Stip. at 25). The Court finds Cloudfare's proposed categories appropriately limits the scope of the request to records that are relevant and proportional to the issues in this case. Cloudfare's remaining objections are overruled. Plaintiffs' motion to compel is GRANTED-IN-PART, limited to the topics for which Cloudfare has agreed to produce responsive documents.

RFP No. 3

RFP No. 3 seeks the production of all analytics and metrics provided to operators or purported operators of Thothub. Cloudfare claims that it is continuing to search for responsive documents. Plaintiffs' motion to compel is GRANTED. No later than March 15, 2021, Cloudfare must produce any responsive documents in its possession, custody or control, or a sworn declaration stating that no responsive documents were found and setting forth the process used to search for responsive documents.

RFP No. 7

RFP No. 7 seeks the production of server logs for any servers that hosted, stored, copied, cached, or distributed any content available on Thothub. (Joint Stip. at 46). Defendant asserts that does not keep or maintain server logs and confirms that they do not have any documents responsive to this request. Accordingly, Plaintiffs' motion to compel is DENIED as moot.

RFP No. 8

RFP No. 8 requests the production of deposition transcripts of any current or former Cloudfare employee who was deposed in two named lawsuits which, according to Plaintiffs, involved similar claims of contributory infringement and the same technological nexus. (Joint Stip. at 51-53). At the hearing, Plaintiffs' counsel asserted that at least two Cloudfare employees provided deposition testimony in the two named lawsuits regarding Cloudfare's content delivery network functions and the ability of Cloudfare to prevent infringement and that such testimony would be relevant for impeachment purposes. Cloudfare contends that the testimony given in the prior lawsuits, which involve different parties and copyrights, is not relevant to the issues in this case and, given inherent changes in technology over time, any testimony about network functionality *at the time of the prior lawsuits* will not be relevant for impeachment. To the extent Cloudfare designates the employee(s) who provided testimony in the prior

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 20-6979 FMO (ASx) | Date | March 10, 2021 |
|---|---|---|---|
| Title | *Deniece Waidhofer, et al. v. Cloudflare, Inc., et al.* | | |

lawsuits as its agent or 30(b)(6) witness for testimony in this case, Cloudfare shall disclose the employee(s) prior testimony on relevant topics in this case.

<u>RFP No. 9</u>

RFP No. 9 requests identifying information related to the identity of any person acting or purporting to act on behalf of Thothub. Plaintiffs contend this information is necessary to identify the operators and percipient witnesses. The Court finds this request overbroad to the extent it seeks dates of birth, social security number, credit card numbers, "or other information related the identity of any person acting or purporting to act on behalf of Thothub." (Joint Stip. at 55). Cloudfare shall produce identifying information for those individuals and entities identified in response to RFP No. 5, limited to name, email address, physical address and IP address.

### B. Interrogatories

Interrogatory No. 2 requests the total number and identity of each Cloudfare subscriber or account holder that Cloudfare has terminated due to repeat copyright infringement. (Joint Stip. at 65-66). Cloudfare claims that the information requested is premature and not relevant at this time because Cloudfare has not responded to the First Amended Complaint and asserted the DMCA as a defense. Cloudfare also claims that while the total number of Cloudfare subscribers that have been terminated for copyright infringement is relevant to the DMCA defense, the identity of terminated subscribers is not relevant. The Court agrees. Plaintiffs claim that the information requested is relevant not only to the DMCA defense (which they agree has not yet been asserted) but also relevant to their contributory infringement claim. But as Cloudfare points out, Plaintiffs' contributory infringement claim requires a showing that Cloudfare had actual knowledge of specific infringements of Plaintiffs' works via the Thothub site and provided a material contribution to or failed to take available measure to prevent those specific infringments. (Joint Stip. at 70). Thus, the total number and identity of subscribers terminated due to repeat copyright infringement is not relevant to this claim. Cloudfare agrees to re-visit this request if and when it asserts a DMCA defense and supplement its response. Accordingly, Plaintiffs' motion to compel a response to Interrogatory No. 2 is DENIED as premature.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 20-6979 FMO (ASx) | Date | March 10, 2021 |
|---|---|---|---|
| Title | *Deniece Waidhofer, et al. v. Cloudflare, Inc., et al.* | | |

Interrogatory No. 3 seeks the identity of Cloudfare's employees who authored or contributed to the Transparency Report referenced in the Complaint. (Joint Stip. at 71). Cloudfare contends that the report was a product of collaboration by a committee, there is no single author of the report, a number of its employees have contributed to versions of the report, and it has identified the employee who contributed to recent versions of the Transparency Report. Plaintiffs' motion to compel a response to Interrogatory No. 3 is GRANTED IN PART. Cloudfare shall identify the individuals who were responsible for, or contributed to, the sections of the report that are cited in the Complaint.

### C. Conclusion

Plaintiffs' motion to compel responses to RFP Nos. 2, 4, 5, 6, and 7 is DENIED. Defendant Cloudfare is ordered to produce additional documents responsive to RFP Nos. 4 and 5 no later than March 12, 2021.

Plaintiffs' motion to compel responses to RFP Nos. 3 is GRANTED. Defendant Cloudfare is ordered to produce responsive documents or a sworn declaration no later than March 15, 2021

Plaintiffs' motion to compel responses to RFP Nos. 1, 8, and 9 is GRANTED IN PART. As set forth in this Order, Defendant Cloudfare shall produce responsive documents and provide a response no later than March 15, 2021.

Plaintiffs' motion to compel a response to Interrogatory No. 2 is DENIED.

Plaintiffs' motion to compel a response to Interrogatory No. 3 is GRANTED IN PART. As set forth in this Order, Defendant Cloudfare shall provide a response to Interrogatory No. 3 no later than March 15, 2021.

**IT IS SO ORDERED.**

cc: Fernando M. Olguin
United States District Judge

|  | 1 | : | 06 |
|---|---|---|---|
| Initials of Preparer | AF | | |