REESE MARKETOS LLP
Brett S. Rosenthal (*pro hac vice*)
Joel W. Reese (*pro hac vice*)
Josh M. Russ (*pro hac vice*)
brett.rosenthal@rm-firm.com
750 N. Saint Paul Street, Ste. 600
Dallas, Texas 75201-3202
Telephone: (214) 382-9810
Facsimile: (214) 501-0731

REITER GRUBER LLP
Charles Reiter (SBN 306381)
Robert Gruber (SBN 301620)
creiter@reitergruber.com
100 Wilshire Blvd, Suite 700
Santa Monica, California 90401-3602
Telephone: (310) 496-7799

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIECE WAIDHOFER, et al.;<br><br>Plaintiffs,<br><br>v.<br><br>CLOUDFLARE, INC., et al.,<br><br>Defendants. | Case No. 2:20-cv-06979<br><br>**DECLARATION OF BRETT S. ROSENTHAL IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR PROTECTIVE ORDER** |

I, Brett S. Rosenthal, am over the age of 18 and competent to give this declaration. I submit this declaration freely and voluntarily.

1. I am lead counsel for the Plaintiffs in the above case. I provide this declaration in support of Plaintiffs' *Ex Parte* Application for Protective Order.

2. Plaintiffs have attempted to negotiate a reasonable deposition schedule with Defendants for the last several days. Plaintiffs have offered to put up Plaintiffs' fact witnesses on multiple dates and have proposed a deposition schedule that avoids date conflicts, allows ample time for each party to take depositions, and preserves the case schedule. Unfortunately, from my perspective, these efforts to cooperate have not been reciprocated by Defendants.

3. Defendants have refused multiple requests by me to participate in a teleconference to discuss the deposition schedule. I have sought to arrange such conference on at least four occasions: April 20 (*see* Ex. 12); April 21 (*see* Ex. 17), April 22 (*see* Ex. 18), and April 23 (*see* Ex. 1). Similarly, for nearly two weeks, Defendants ignored repeated requests from me to choose a mediation date from among the options provided by Judge Sagar's office on April 12. Cloudflare finally provided a date on April 26, albeit one that conflicts with their proposed depositions of key witnesses. Multi Media still has not provided a date. (*See* Exs. 20–22).

4. In my most recent efforts to arrange a teleconference regarding the deposition schedule, I offered to participate in the conference at any reasonable

time for Defendants before April 26, including over the weekend. (*See* Exs. 1 & 18). Neither Defendant proposed a time. Multi Media did not respond at all. Cloudflare's counsel, at least, informed me on April 26 that she would confer with her client (*see* Ex. 21), but I have heard nothing further since.

5. Defendants have insisted that all of the depositions they have noticed for Plaintiffs' fact witnesses—that is, two depositions each for Waidhofer, McGehee, Lavitz, Bell, and Brown—take place in-person in Los Angeles. Plaintiffs have repeatedly requested that the depositions take place by remote means. However, Defendants have not agreed to remote depositions, even though Multi Media's deposition notices for Waidhofer, McGehee, and Lavitz specifically contemplated a remote deposition and stated that a "remote deposition link [will] be provided to counsel or all parties prior to the deposition." (*See* Exs. 2–5).

6. I have informed Defendants that Plaintiffs believe there is abundant good cause for conducting a remote deposition.

7. First, all of the individual witnesses reside in either Texas or Massachusetts, so it would be financially burdensome to travel to California due to costs for airfare and lodging, among other things.

8. Second, although Plaintiffs should not be required to divulge personal medical information in a lawsuit related to copyright infringement, none of the requested party witnesses have yet been fully vaccinated.

3

9. Third, some of the witnesses and Plaintiffs' counsel reside with or interact closely with individuals at heightened risk of serious illness, including a cancer patient, elderly individuals, and for myself, a 4-month-old infant.

10. Fourth, attending in-person depositions would require the witnesses and counsel to travel to Los Angeles by air, which according to public health authorities such as the CDC, presents a heightened risk for infection.

11. Fifth, public health authorities have advised against associating with people outside one's household in a small indoor space for an extended period of time, which is what would be necessary for an in-person deposition.

12. Sixth, social distancing and masking restrictions required by General Orders of the Chief Judge of the Central District would render an in-person deposition impractical and less effective than a remote deposition.

13. Although Plaintiffs have proposed what I believe is a fair and reasonable deposition schedule, Defendants have proposed an oppressive schedule that creates numerous date conflicts, does not account for depositions of Defendants' witnesses at all, requires in-person depositions of all witnesses, and contemplates successive depositions of Waidhofer, McGehee, and Lavitz. (*See* Ex. 19).

14. It appears to me that Defendants are trying to take advantage of the fact that they are represented by large law firms with multiple lawyers actively working on the case, whereas Plaintiffs are represented by small law firms. During

a call with Cloudflare's counsel on April 15 about another subject before the deposition issues had arisen, I informed counsel that I personally planned to attend and conduct most of the depositions in the context of what I thought was casual small talk between respectful opponents. Disappointingly, it seems that Defendants have used this information to try to create competitive advantages through scheduling.

15. Exhibit 1 to this declaration is an email I sent to Defendants on April 23, 2021, setting forth Plaintiffs' proposed deposition schedule. Due to a typo in my original email on one of the dates, I immediately followed up with a clarification (shown in Exhibit 1) to correct the mistake.

16. Exhibits 2 through 5 are deposition notices that Multi Media served on April 11 for the depositions of Waidhofer, McGehee, and Lavitz.

17. Exhibit 6 is an email I sent to Defendants on April 22 restating Plaintiffs' request for depositions by remote means. The email follows up on a prior request from April 14 that Multi Media did not respond to.

18. Exhibits 7 through 11 are deposition notices served by Cloudflare on the evening of April 19 for Waidhofer, McGehee, Lavitz, Bell, and Brown.

19. Exhibit 12 is an email from me to Defendants' counsel on April 22 offering various dates for the requested witnesses' depositions and inviting Defendants to participate in a teleconference to discuss deposition scheduling.

20. Exhibits 13 and 14 are deposition notices served by Multi Media on April 21 for the depositions of Brown and Bell.

21. Exhibit 15 is a deposition notice served by Cloudflare on April 21 for the deposition of Ryuu Lavitz LLC's corporate representative.

22. Exhibit 16 is a deposition notice served by Cloudflare on April 21 purporting to require my own deposition.

23. Exhibits 17 and 18 are emails from me to Defendants' counsel on April 21 and 22 requesting a teleconference to discuss deposition scheduling.

24. Exhibit 19 is an email from Cloudflare's counsel, purportedly on behalf of both Defendants, proposing Defendants' deposition schedule. As noted above, Plaintiffs believe this schedule is unreasonable for several reasons, including because it creates date conflicts, demands in-person depositions, does not account for depositions of Defendants' witnesses, and requires successive depositions.

25. Exhibits 20 through 22 are emails between me and Defendants' counsel between April 12 and April 26, in which I repeatedly requested Defendants to identify dates for the Court-ordered mediation.

26. I swear under penalty of perjury that this information is true and correct to the best of my knowledge, information, and belief.

Executed by me this 26th day of April, 2021.

1
2
3
4   _____
5   Brett S. Rosenthal
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28