1 | REESE MARKETOS LLP
Brett S. Rosenthal (*pro hac vice*)
Joel W. Reese (*pro hac vice*)
Josh M. Russ (*pro hac vice*)
brett.rosenthal@rm-firm.com
750 N. Saint Paul Street, Ste. 600
Dallas, Texas 75201-3202
Telephone: (214) 382-9810
Facsimile: (214) 501-0731

REITER GRUBER LLP
Charles Reiter (SBN 306381)
Robert Gruber (SBN 301620)
creiter@reitergruber.com
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401-3602
Telephone: (310) 496-7799

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DENIECE WAIDHOFER, *et al.*

Plaintiffs,

v.

CLOUDFLARE, INC., *et al.*,

Defendants.

Case No. 2:20-cv-06979-FMO-AS

**PLAINTIFFS' BRIEF RESPONSE TO DEFENDANT CLOUDFLARE, INC.'S EX PARTE APPLICATION FOR PROTECTIVE ORDER**

Date: June 4, 2021
Hearing Date: TBD

Judge: Hon. Fernando M. Olguin

Complaint Filed: August 3, 2020
FAC Filed: November 4, 2020
Trial Date: December 14, 2021

Plaintiffs Deniece Waidhofer, Margaret McGehee, and Ryuu Lavitz LLC (collectively, "Plaintiffs") briefly respond to Cloudflare's *Ex Parte* Application for Protective Order and its "Urgent" Request for Teleconference.

On Sunday, May 30, 2021, Plaintiffs told Cloudflare that Plaintiffs would seek sanctions for conduct of Cloudflare's conduct at a recent deposition and requested a meet-and-confer conference. Cloudflare's counsel would not agree to a conference until Friday, June 4, at 4:00 PM CST. Although Cloudflare's counsel did not have time to meet-and-confer on Plaintiffs' motion, Cloudflare's counsel had time to prepare their own motion (with NO advance notice or meet-and-confer in advance of filing) in an attempt to race to the courthouse to cast Cloudflare and its lawyers as the victims. Nothing could be further from the truth. The conduct of Cloudflare's lawyers at a recent deposition is nothing short of shocking.

There are no grounds to seal or hide the deposition conduct of Winston & Strawn. Cloudflare's counsel Michael Elkin and Thomas Kearney found a revenge porn video on the internet and decided to play that video at a witness' deposition to intimidate and harass the witness. The video is not a registered copyright work and was never produced in discovery. The video is not the subject of any claims in this lawsuit. What is perhaps even more disturbing than playing the video is that Mr. Elkin later asked the young female witness creepy questions about whether she was "playing with [her]self" and about her "secretions" in the video. These issues obviously have nothing to do with the copyright claims in this case. In today's day and age, this abusive conduct cannot be condoned in any manner.

In the United States, lawyer misconduct—and their subsequent embarrassment for that conduct—are not grounds to seal public court records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006) Indeed, the heavy presumption is that courts will be open to the public. *Id.* If

Cloudflare's lawyers are concerned that their own conduct may cause them embarrassment, they should not have engaged in that conduct in the first place. If their conduct was appropriate as they insist, then there should be no problem.

   Plaintiffs intend to file the motion along with the deposition transcript so that the Court can judge the misconduct for itself.  Plaintiffs may file a sealed version and redacted version—redacting the name and identifying information of the witness to protect the witness, not the lawyers who committed the improper conduct.

DATED:    June 4, 2021                    REESE MARKETOS LLP

                              By:     */s/ Joel W. Reese*
                                  Joel W. Reese
                                  Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of this filing will be served on the date of filing on all counsel of record via the Court's electronic filing system.

*/s/ Brett. S. Rosenthal*
Brett S. Rosenthal