| | |
|---|---|
| REESE MARKETOS LLP<br>Brett S. Rosenthal (*pro hac vice*)<br>Joel W. Reese (*pro hac vice*)<br>Josh M. Russ (*pro hac vice*)<br>brett.rosenthal@rm-firm.com<br>750 N. Saint Paul Street, Ste. 600<br>Dallas, Texas 75201-3202<br>Telephone: (214) 382-9810<br>Facsimile: (214) 501-0731 | REITER GRUBER LLP<br>Charles Reiter (SBN 306381)<br>Robert Gruber (SBN 301620)<br>creiter@reitergruber.com<br>100 Wilshire Blvd., Suite 700<br>Santa Monica, California 90401-3602<br>Telephone: (310) 496-7799 |

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIECE WAIDHOFER, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>CLOUDFLARE, INC., *et al.*,<br><br>Defendants. | Case No. 2:20-cv-06979-FMO-AS<br><br>**JOINT STIPULATION AND APPLICATION FOR STAY OF ALL DEADLINES**<br><br>Date: July 23, 2021<br><br>Judge: Hon. Fernando M. Olguin<br><br>Complaint Filed: August 3, 2020<br>FAC Filed: November 4, 2020<br>Trial Date: December 14, 2021 |

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that Plaintiffs Deniece Waidhofer, Margaret McGehee, and Ryuu Lavitz LLC (collectively, "Plaintiffs") and Defendants Cloudflare Inc. ("Cloudflare") and Multi Media LLC ("Multi Media") (collectively, "Defendants") hereby submit their Joint Stipulation and Application for a Stay of All Deadlines (the "Application") for an order staying all case deadlines for three months or until the Court's ruling on Defendants' motions to dismiss (ECF Nos. 84 and 85), whichever comes first. The Application is based on this Notice, the Memorandum of Points and Authorities attached hereto, matters of which this Court may take judicial notice, and any and all other materials the Court deems proper. The parties met and conferred on July 23, 2021 and agreed to file this application jointly.

DATED: July 26, 2021   REESE MARKETOS LLP

By: ____/s/_____
Brett S. Rosenthal
Attorney for Plaintiffs

WINSTON & STRAWN LLP

By: ___[with authorization]_____
Jennifer Golinveaux
Attorney for Defendant
Cloudflare Inc.

QUINN EMANUAL URQUHART & SULLIVAN, LLP

By: ___[with authorization]_____
Michael T. Zeller
Attorney for Defendant
Multi Media, LLC

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 16-14, the parties jointly file this Application to stay all deadlines for three months or until the Court issues a ruling on Defendants' motions to dismiss, whichever comes first. Defendants have not yet answered Plaintiffs' First Amended Complaint or asserted affirmative defenses, and the Magistrate Judge has ruled that discovery regarding affirmative defenses is premature until those defenses have been pled (*see, e.g.*, ECF No. 132 at 5), so if Defendants are required to answer, additional fact discovery may be necessary. The Court's resolution of the pending motions to dismiss, as well as any subsequent repleading by Plaintiffs, may also affect the scope and subject matter of expert discovery.

Accordingly, in order to avoid duplication of effort and expenses associated with expert discovery, summary judgment briefing, and trial preparation, the parties jointly seek a three-month stay of all case deadlines. At the conclusion of the three-month period or upon the disposition of the motions to dismiss, the parties will propose an amended schedule for the stayed items. This is the third scheduling extension the parties have requested. This Court granted the parties' previous two requests (ECF Nos. 155, 177). Unlike the previous two, this request could have the effect of requiring that the trial date be continued to early 2022.

## **FACTUAL BACKGROUND**

The original Complaint in this case was filed August 3, 2020 (ECF No. 1), and the First Amended Complaint ("FAC") was filed on November 4, 2020 (ECF No. 68). Cloudflare and Multi Media separately filed motions to dismiss, which suspended their obligation to file responsive pleadings under Federal Rule 12(a)(4). (ECF Nos. 84, 85). Those motions are fully briefed and have been taken under submission by the Court (ECF No. 108). Because the motions to dismiss remain

pending, the Defendants have not yet filed responsive pleadings or asserted any affirmative defenses to Plaintiffs' claims. The Magistrate Judge has ruled that discovery regarding any affirmative defenses would be premature because the defenses have not yet been pled. (*See* ECF No. 132 at 5).

The parties have been engaged in fact discovery since October 2020. The parties have exchanged documents and other written discovery, and each party has taken several depositions. The parties have also been engaged in motion practice and informal dispute resolution related to discovery, which is ongoing. Discovery was overseen by Magistrate Judge Sagar for several months, and the Court recently appointed the Hon. Suzanne Segal (Ret.) as Special Master to oversee all remaining discovery disputes. (ECF No. 185).

Key upcoming deadlines on the current schedule are as follows:

- Close of Fact Discovery – July 23, 2021
- Expert Witness Disclosures - July 30, 2021
- Rebuttal Expert Disclosures - August 20, 2021
- Close of Expert Discovery - September 3, 2021
- Initial Summary Judgment Briefs - September 13, 2021
- Pretrial Filings (MILs, Witness Lists, etc.) - October 29, 2021
- Pretrial Conference Order - November 5, 2021
- Pretrial Conference – November 19, 2021
- Start of Trial – December 14, 2021

The parties have conferred and agreed that these deadlines should be stayed for three months or until the Court rules on the pending motions to dismiss, whichever comes first, in order to prevent unnecessary burden and expense.

## LEGAL STANDARDS

"A district court has the inherent power to stay its proceedings. This power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Sleep No. Corp. v. Sizewise Rentals,* 2019 WL 1091335, at *2 (C.D. Cal. Feb. 12, 2019) (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)); *see Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

## ARGUMENT

Although the parties have largely completed fact discovery related to the Plaintiffs' affirmative claims (subject to certain loose ends that are still being resolved)[1], they have not yet been able to engage in fact discovery regarding Defendants' respective defenses because those defenses have not yet been pled. Furthermore, the parties are facing imminent deadlines for expert reports and expert discovery, which will involve substantial expense and effort that will likely need to be duplicated if the Defendants later file a responsive pleading asserting affirmative defenses. The Court's ruling on the pending motions to dismiss could also affect the scope of the case or result in Plaintiffs repleading aspects of their claims.

Given these realities, the parties believe that a three-month "stay likely will be a better use of the Court's, counsels', and the litigants' time and resources." *See Harris v. Parisian*, 2007 WL 1140657, at *2 (D. Mont. Apr. 16, 2007). In short, the parties have progressed the case as far as they reasonably can until the pending motions to dismiss are resolved. Regardless of how the motions to dismiss are ultimately resolved, proceeding to expert discovery at this point is likely to impose substantial, unnecessary burden and expense on the parties. If the Court denies the

---

[1] The parties agree that, during the stay, they may continue to resolve outstanding discovery issues that are currently pending based upon previously served discovery, but they will not pursue new fact discovery during the stay period (such as new RFPs, depositions, or interrogatories) absent good cause and leave of court.

- 5 -
JOINT STIPULATION FOR STAY OF ALL DEADLINES
*Waidhofer et al. v. Cloudflare, Inc., et. al.*, Case No. 2:20-cv-06979

motions, Defendants will serve responsive pleadings and likely assert affirmative defenses, which may require additional fact discovery and expert work. If the Court grants the motions, Plaintiffs might be granted leave to replead, or the case could be over altogether. In either event, the current case deadlines will need to be adjusted. The parties respectfully submit that a temporary stay would avoid the high risk of unnecessary expense and repetition of effort. *Cf. Wells v. Allergan USA, Inc.*, 2014 WL 117773, at *3 n. 2 (D.S.C. Jan. 13, 2014) ("[A]ll briefing on the motions to dismiss had been filed and the court decided, for the sake of efficiency and fairness, to stay all deadlines, including discovery, until it could resolve the motions to dismiss."). Accordingly, the parties respectfully request a three-month stay.

## CONCLUSION

The Court should grant the parties' Joint Stipulation and Application for a Stay of All Deadlines for three months or until the disposition of the motions to dismiss (whichever is earlier), at which time the parties will propose a new schedule.

DATE: July 26, 2021

    Respectfully submitted,

    By: __/s_____

    REESE MARKETOS LLP
    Brett S. Rosenthal (*pro hac vice*)
    Joshua M. Russ (*pro hac vice*)
    Joel W. Reese (*pro hac vice*)
    750 N. Saint Paul Street, Ste. 600
    Dallas, Texas 75201-3202
    Telephone: (214) 382-9810
    brett.rosenthal@rm-firm.com

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

REITER GRUBER LLP
Charles Reiter (SBN 306381)
Robert Gruber (SBN 301620)
100 Wilshire Blvd, Suite 700
Santa Monica, California 90401-3602
Telephone: (310) 496-7799
creiter@reitergruber.com

*Attorneys for Plaintiffs*

*By:* __*[with authorization]*_____
Jennifer A. Golinveaux
Thomas J. Kearney
WINSTON & STRAWN LLP
101 California Street, 35th Floor San Francisco, CA 94111-5840 (415) 591-1000 (telephone) jgolinveaux@winston.com
tkearney@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP 200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
melkin@winston.com

|   |   |
|---|---|
| 1 | |
| 2 | Erin R. Ranahan |
|   | WINSTON & STRAWN LLP |
| 3 | 333 S. Grand Avenue |
|   | Los Angeles, CA 90071 |
| 4 | (213) 615-1700 (telephone) |
| 5 | eranahan@winston.com |

*Attorneys for Defendant*
*CLOUDFLARE, INC.*


By: __*[with authorization]*____
Michael T. Zeller
QUINN EMANUAL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor Los
Angeles, CA 90017-2543
(213) 443-3000 (telephone)
michaelzeller@quinnemanuel.com

*Attorneys for Defendant*
*MULTI MEDIA, LLC*

# CERTIFICATES OF SERVICE AND AGREEMENT

The undersigned hereby certifies that a copy of this filing will be served on the date of filing on all counsel of record via the Court's electronic filing system. The undersigned further certifies that the foregoing was filed with the consent of all parties' counsel.

/s/

Brett S. Rosenthal