REESE MARKETOS LLP
Brett S. Rosenthal (*pro hac vice*)
Joel W. Reese (*pro hac vice*)
Allison N. Cook (*pro hac vice*)
Josh M. Russ (*pro hac vice*)
brett.rosenthal@rm-firm.com
750 N. Saint Paul Street, Ste. 600
Dallas, Texas 75201-3202
Telephone: (214) 382-9810
Facsimile: (214) 501-0731

*Attorneys for Plaintiffs*

REITER GRUBER LLP
Charles Reiter (SBN 306381)
Robert Gruber (SBN 301620)
creiter@reitergruber.com
100 Wilshire Blvd, Suite 700
Santa Monica, California 90401-3602
Telephone: (310) 496-7799

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIECE WAIDHOFER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CLOUDFLARE, INC., *et al.*,<br><br>Defendants. | **PLAINTIFFS' BRIEF REGARDING SCOPE OF SPECIAL MASTER'S AUTHORITY**<br><br>Case No. 2:20-cv-06979-FMO-AS<br><br>Date: August 24, 2021<br><br>Judge: Hon. Fernando M. Olguin<br>Special Master: Hon. Suzanne Segal<br><br>Complaint Filed: August 3, 2020<br>FAC Filed: November 4, 2020<br>Trial Date: December 14, 2021 |

The Special Master invited the parties to submit briefs regarding what issues may be brought to and decided by the Special Master based upon the various stipulations and orders in this action. For the reasons that follow, Plaintiffs submit that the Special Master should consider any disputes based on discovery served prior to the Court-ordered stay, as well as any disputes regarding requests to serve new discovery based upon a showing of good cause.

*First*, the Court's June 28 order provides that a "Special Master should be appointed to deal with *all discovery matters*." (Dkt 182, emphasis added). The Court's order stayed all pending discovery motions and recognized that the parties had been engaged in a variety of time-consuming discovery disputes. (*Id.*). However, the Court did not formally appoint the Special Master to hear disputes until July 27, 2021. (Dkt 192). For about a month, there was effectively no judge to resolve the parties' discovery disputes. The Court would not have appointed the Special Master to oversee "all discovery matters" if the only matters properly before the Special Master were the sanctions seal issue and the (unopposed) requests for letters rogatory. Based on these circumstances, it reasonably appeared that discovery disputes should not be submitted during the interregnum.

*Second*, before the Special Master was appointed, the parties submitted a joint stipulation—joined by all parties—requesting "an order staying all case deadlines for three months or until the Court's ruling on Defendants' motion to dismiss." (Dkt 190 at 2). The stipulation states that "the parties jointly seek a three-month *stay of all case deadlines*." (*Id.* at 3, emphasis added). The stipulation further states that "[k]ey upcoming deadlines on the current schedule" include the "Close of Fact Discovery," among other deadlines. (*Id.* at 4). The very next sentence after the list of deadlines continues: "*The parties have conferred and agreed that these deadlines should be stayed* for three months or until the Court rules on the pending motions to dismiss, whichever comes first[.]" (*Id.*, emphasis added). The parties noted that there

remained some "loose ends" to be resolved regarding previously served discovery. (*Id.* at 5). As such, they included a footnote as follows: "The parties agree that, during the stay, they may continue to resolve outstanding discovery issues that are currently pending based upon previously served discovery, but they will not pursue new fact discovery during the stay period (such as new RFPs, depositions, or interrogatories) absent good cause and leave of court." (*Id.* at 5, n.5). The intent of this language was to distinguish between discovery issues based on pending discovery requests (which could be addressed during the proposed stay) versus issues based on new discovery requests (which could not absent good cause). The Court granted the stay, entering the proposed order that the parties had jointly submitted but striking the proposed three-month alternative. (Dkt 193).

*Third*, one of the main reasons that the parties stipulated to a stay of all case deadlines, including a stay of the close of fact discovery deadline, was that fact discovery will almost certainly need to continue for months if and when the Defendants file responsive pleadings. The joint stipulation explains: "Defendants have not yet answered Plaintiffs' First Amended Complaint or asserted affirmative defenses, and the Magistrate Judge has ruled that discovery regarding affirmative defenses *is premature until those defenses have been pled* (*see, e.g.*, ECF No. 132 at 5), so if Defendants are required to answer, *additional fact discovery may be necessary*." (*Id.* at 3, emphases added). The stipulation reiterates this point several times, for example noting later that the parties "have not yet been able to engage in fact discovery regarding Defendants' respective defenses" and that, "[i]f the Court denies the motions [to dismiss], Defendants will serve responsive pleadings and likely assert affirmative defenses, which may require additional fact discovery and expert work." (*Id.* at 5–6). Defendants' current contention that fact discovery is already over ignores this significant context.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Fourth*, Defendants rely on an out-of-context reading of part of the footnote in the joint stipulation. In particular, Defendants claim that the reference to discovery issues "*that are currently pending* based upon previously served discovery" somehow limits the Special Master's purview to issues raised in correspondence between the parties. As explained above, the intent of the footnote was that the parties would not serve new discovery requests but would continue to resolve issues based upon pending discovery requests that had previously been served. The full context of the stipulation and the footnote, which expressly draws a distinction between "previously served discovery" and "new fact discovery … such as new RFPs, depositions, or interrogatories," makes this plain. There is no logical basis to interpret the words "currently pending" to refer only to issues identified in prior correspondence that was simply exchanged between the parties and not pending before the Court. If the parties mutually intended to adopt such an odd meaning for the term "pending," they would have made those intentions clear.

*Finally*, the Special Master should not adopt Defendants' narrow view because such an outcome would be deeply unfair. At the first telephonic hearing before the Special Master, Defendants presented an array of issues regarding their discovery requests to Plaintiffs that were not "pending" before the Court as of the (stayed) deadline for the close of fact discovery. Plaintiffs did not object to the timing of these issues based on their understanding of the parties' agreements and the Court's orders. Plaintiffs then proceeded to produce additional documents based on the Special Master's guidance, even though Plaintiffs had already produced about thirty times as many documents as both Defendants combined. Plaintiffs also asked for another hearing where they could raise their own discovery issues, which they

had waited to present until the Special Master took office and provided guidance to the parties on how discovery disputes should be presented.[1]

The issues that Plaintiffs would present to the Special Master concern basic production failures by Defendants. For example, among other things, Cloudflare has refused to produce documents about several customer pirate sites that are highly similar to Thothub (some even with the same domain name) and that have infringed Plaintiffs' copyrights, despite the fact that paragraphs 229 through 241 of the FAC address such sites and that Plaintiffs have produced evidence showing infringement of their works on those sites. Similarly, among other things, Multi Media has refused to produce documents supporting its interrogatory assertions regarding Thothub-related payments it made to affiliate marketers and has refused to produce documents from Steve Gottlieb's files, a former employee with highly relevant knowledge that Multi Media failed to identify as a custodian for the search protocol. Such issues deserve a full and fair hearing before the Special Master. Disallowing these issues would reward Defendants for their dilatory tactics.

For these reasons, Plaintiffs respectfully request that the Special Master find that, while the stay is in effect, the Special Master may resolve any disputes based on discovery requests served prior to the stay, as well as any disputes regarding requests to serve new discovery upon a showing of good cause.

---

[1] As background, Defendants have played games in discovery throughout this entire case, requiring Plaintiffs to file motions to compel against both Defendants (which were largely granted) as well as multiple informal discovery conferences regarding their deficient productions. For example, Multi Media did not produce a single document in this case until June 1, 2021, despite agreeing to produce documents in November 2020 and the testimony of its corporate representative that over 20,000 documents were provided to Multi Media's counsel in November 2020. Indeed, Plaintiffs requested that Magistrate Judge Sagar recommend appointment of a special master to the Court and welcomed such an appointment, precisely because Defendants had been so difficult and non-compliant throughout the discovery process.

Dated: August 24, 2021                 Respectfully submitted,


By: *Brett S. Rosenthal*
  REESE MARKETOS LLP
  Brett S. Rosenthal (*pro hac vice*)
  Joel W. Reese (*pro hac vice*)
  Joshua M. Russ (*pro hac vice*)
  750 N. Saint Paul Street, Ste. 600
  Dallas, Texas 75201-3201
  Telephone: (214) 382-9810
  Brett.rosenthal@rm-firm.com

  REITER GRUBER LLP
  Charles Reiter (SBN 306381)
  Robert Gruber (SBN 301620)
  100 Wilshire Blvd, Suite 700
  Santa Monica, California 90401-3602
  Telephone: (310) 496-7799
  creiter@reitergruber.com

  *Counsel for Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that the above document will be served at the time of filing on all counsel of record via the Court's electronic filing system.


*/s/ Brett S. Rosenthal*
Brett S. Rosenthal