QUINN EMANUEL URQUHART &
SULLIVAN, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Gregory A. Fuoco (Bar No. 308073)
  gregfuoco@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Defendant
MULTI MEDIA, LLC

WINSTON & STRAWN LLP
  Michael S. Elkin (*pro hac vice*)
  melkin@winston.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

  Jennifer A. Golinveaux (SBN: 203056)
  jgolinveaux@winston.com
  Thomas J. Kearney (SBN: 267087)
  tkearney@winston.com
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone:  (415) 591-1000
Facsimile:  (415) 591-1400

  Erin R. Ranahan (SBN: 235286)
  eranahan@winston.com
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750

Attorneys for Defendant
CLOUDFLARE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION—LOS ANGELES

| | |
|---|---|
| DENIECE WAIDHOFER, an individual; MARGARET MCGEHEE, an individual; and RYUU LAVITZ, LLC, a Massachusetts limited liability company,<br><br>             Plaintiffs,<br><br>       vs.<br><br>CLOUDFLARE, INC., a Delaware corporation; and MULTI MEDIA, LLC, a California limited liability company,<br><br>             Defendants. | Case No. 2:20-cv-06979-FMO-AS<br><br>**MULTI MEDIA, LLC AND CLOUDFLARE, INC.'S JOINT BRIEF RE ISSUES THAT MAY BE BROUGHT TO AND DECIDED BY THE SPECIAL MASTER**<br><br>[DISCOVERY MATTER REFERRED TO SPECIAL MASTER HON. SUZANNE H. SEGAL (RET.)] |

**DEFENDANTS' JOINT BRIEF**

The Special Master asked the parties to submit briefing on the scope of the Special Master's authority to decide discovery disputes between the parties. Defendants submit that only disputes concerning "outstanding discovery issues" that were "currently pending" as of the parties' July 26 Joint Stipulation and Application for Stay of All Deadlines (the "July 26 Stipulation") may be decided by the Special Master during the stay. (July 26, 2021 Joint Stip. & Appl. for Stay of All Deadlines.) Discovery disputes that plaintiffs did not raise until after the fact discovery cutoff passed and after the July 26 Stipulation are untimely and barred by the scheduling order. However, discovery issues raised (for instance, in a discovery conference, by letter, or by email) as of the date of the July 26 Stipulation can be decided during the stay.

Under the scheduling order as amended, fact discovery closed on July 23, and all discovery was "to be completed" by this date. (6/16/21 Order on Joint Stip. re Amendment to Scheduling Order at 1; 11/23/20 Scheduling & Case Mgmt. Order at 2.) On July 26, three days after the close of fact discovery, the parties stipulated to stay all deadlines, with the limited exception that "during the stay, they may continue to resolve *outstanding discovery issues* that are *currently pending* based upon previously served discovery." (7/26/21 Joint Stip. for Stay at 5 (emphasis added).) Notably, the key terms "outstanding discovery issues" and "currently pending" were drafted and proposed by plaintiffs. (Fuoco Decl. Ex. A (7/23/21 B. Rosenthal email to T. Kearney) at 5.) On July 27, the Court ordered that "[a]ll *pending deadlines* are hereby stayed pending the court's ruling on the pending motions to dismiss." (7/27/21 Order on Joint Stip. at 1 (emphasis added).) At the time the Court issued this order, the fact discovery deadline was not "pending"—it had passed four days before.

Accordingly, the Court has not extended the fact discovery deadline or reopened fact discovery, and per the scheduling order, all fact discovery and motion practice was required to be completed by July 23. *Wallisa v. City of Hesparia*, EDCV 16-2638-FMO (KKx), 2018 WL 6071054, at *3-4 (C.D. Cal. Feb. 28, 2018) (denying an application

1

1    for discovery after the fact discovery cut-off, reasoning that it would require "an order

2    reopening fact discovery from the District Court.")  Moreover, under the local rules,

3    only Judge Olguin may modify the scheduling order to alter the now past July 23

4    discovery deadline.  L.R. 16-14 ("Any application to modify an order entered pursuant

5    to F.R.Civ.P. 16 shall be made to the judicial officer who entered the order."); *Santillan*

6    *v. United States Waste of Cal., Inc.*, CV 14-00335-AB (SSx), 2019 U.S. Dist. LEXIS

7    128257, at *13 (C.D. Cal. May 9, 2019).

8           Because fact discovery is closed, the only discovery issues that the parties may

9    "continue to resolve" are those they consented to: "*outstanding* discovery issues" that

10   as of the July 26 Stipulation were "*currently pending* based upon previously served

11   discovery." (7/26/21 Joint Stip. for Stay at 5 (emphasis added); Fed. R. Civ. P. 53

12   (a)(1)(A) (Special Masters can "perform duties consented to by the parties.").)  The

13   phrase "*outstanding* discovery issues *that are currently pending*" is not surplusage: it

14   clarifies that not all discovery issues can be resolved during the stay, but only those

15   raised (for instance, in a discovery conference, by letter, or by email) as of the date of

16   the July 26 Stipulation.  *Beal Bank v. Crystal Props., Ltd. (In re Crystal Props., Ltd.)*,

17   268 F.3d 743, 748 (9th Cir. 2001) ("a court must give effect to every word or term

18   employed by the parties and reject none as meaningless or surplusage").  Consistent

19   with this interpretation, all of the disputes defendants have raised with the Special

20   Master were raised in a letter sent before the discovery cutoff or even earlier.  (*E.g.*

21   Fuoco Decl. Ex. F (7/20/21 T. Kearney email to B. Rosenthal).)

22          Although plaintiffs appear to believe that any and all concerns they may have

23   about the adequacy of past discovery are fair game during the stay, this interpretation is

24   at odds with the July 26 Stipulation's express terms.  If the parties intended to give each

25   other *carte blanche* to litigate discovery issues based on prior discovery, they would

26   have foregone the terms "outstanding" and "currently pending" and simply stipulated

27   to "resolve discovery issues based upon previously served discovery."  That is not the

28   deal that was struck.  Instead, the parties agreed that during the stay, they only "may

1    continue to resolve *outstanding* discovery issues *that are currently pending* based upon
2    previously served discovery"—*i.e.* discovery disputes *raised and still unresolved* as of
3    the filing of the July 26 Stipulation.[1]

4           Practically, this makes the most sense.  Both plaintiffs and defendants raised
5    discovery issues before the July 26 Stipulation that remain to be resolved.  Thus, at the
6    time the parties agreed to the stipulation, all had an interest in ensuring previously raised
7    issues would timely be resolved by the Special Master.  What was not intended,
8    however, is what plaintiffs now belatedly propose: that any party would be allowed to
9    raise new discovery disputes after the discovery cutoff.

10          Plaintiffs' approach would waste judicial resources.  Because defendants'
11   motions to dismiss are still pending and defendants have yet to assert their defenses,
12   limiting the number of current discovery disputes will promote judicial efficiency.  The
13   outcome of the motions to dismiss and the nature of defenses to be asserted will likely
14   cause certain discovery conflicts to become moot or take on new levels of importance.
15   Thus, resolving late-raised discovery issues now, before the full scope of discovery is
16   known, puts the cart before the horse in that it may require (1) the parties to litigate
17   issues that will later become moot or (2) the Special Master to make determinations that
18   will need to be reexamined in light of future holdings by the Court.  Further, even if
19   defendants eventually file answers and discovery is required into their affirmative
20   defenses, such discovery will not be coextensive with the wide-ranging discovery
21   plaintiffs have served to date.  Hence, judicial efficiency favors limiting the number of
22   discovery disputes that can be resolved *during the stay*.

23   _____
24   [1] Plaintiffs argued that the Court's June 28, 2021 Order Re: Appointment of Special
     Master somehow extended the time for the parties to raise discovery *issues* because it
     stayed "pending discovery *motions*… pending the appointment of a Special Master."
25   (ECF 182 at *2 (emphasis added).) But the Order did not stay the discovery cutoff date,
     and did not prevent either party from raising and attempting to resolve discovery issues
26   in the meantime—as both parties in fact did. (Fuoco Decl. Ex. B (7/1/21 B. Rosenthal
     email to G. Fuoco); Ex. C (7/6/21 B. Rosenthal email to G. Fuoco); Ex. D (7/12/21 B.
27   Rosenthal email to T. Kearney); Ex. E (7/15/21 G. Fuoco email to B. Rosenthal); Ex. F
     (7/20/21 T. Kearney email to B. Rosenthal).)  Nor did the Court's stay of "*pending*"
28   discovery motions prevent the parties from filing new motions to preserve their rights.

Accordingly, defendants respectfully request the Special Master hold that, given the scheduling order and July 26 Stipulation, only discovery issues raised and still unresolved before July 26 should be brought to and decided by the Special Master during the stay.

DATED:  August 24, 2021        Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By      */s/ Gregory A. Fuoco*
    Michael T. Zeller (Bar No. 196417)
    michaelzeller@quinnemanuel.com
    Gregory A. Fuoco (Bar No. 308073)
    gregfuoco@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
    Facsimile: (213) 443-3100

    Attorneys for Defendant Multi Media, LLC

**WINSTON & STRAWN LLP**


By */s/ Thomas J. Kearney*
    Jennifer A. Golinveaux
    Thomas J. Kearney
    WINSTON & STRAWN LLP
    101 California Street, 35th Floor
    San Francisco, CA 94111-5840
    (415) 591-1000 (telephone)
    jgolinveaux@winston.com
    tkearney@winston.com

1               Michael S. Elkin
                 WINSTON & STRAWN LLP
2               200 Park Avenue
                 New York, NY 10166
3                (212) 294-6700 (telephone)
                 melkin@winston.com
4

5               Erin R. Ranahan
                 WINSTON & STRAWN LLP
6               333 S. Grand Avenue
                 Los Angeles, CA 90071
7               (213) 615-1700 (telephone)
                 eranahan@winston.com
8
            *Attorneys for Defendant*
9               *CLOUDFLARE, INC.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MULTI MEDIA, LLC AND CLOUDFLARE, INC.'S JOINT BRIEF RE ISSUES THAT MAY BE BROUGHT TO AND
DECIDED BY THE SPECIAL MASTER

1

**ATTESTATION**

2          I, Gregory A. Fuoco, attest that the above signatories, on whose behalf this

3    document is being filed, concur in the filing's content and have authorized the filing.

4

5

6    Dated: August 24, 2021                    By: _____ */s/ Gregory A. Fuoco* _____

7                                                        Gregory A. Fuoco

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MULTI MEDIA, LLC AND CLOUDFLARE, INC.'S JOINT BRIEF RE ISSUES THAT MAY BE BROUGHT TO AND
DECIDED BY THE SPECIAL MASTER

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on August 24, 2021, the foregoing document was served on Plaintiffs' counsel of record by email.

By     *<u>/s/ Gregory A. Fuoco</u>*
Gregory A. Fuoco

MULTI MEDIA, LLC AND CLOUDFLARE, INC.'S JOINT BRIEF RE ISSUES THAT MAY BE BROUGHT TO AND DECIDED BY THE SPECIAL MASTER