FILED
CLERK, U.S. DISTRICT COURT
8/30/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: gga DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIECE WAIDHOFER, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> CLOUDFLARE, INC., *et al.*, <br><br> Defendants. | Case No. 2:20-cv-06979-FMO(ASx) <br><br> **SPECIAL MASTER'S ORDER ON PLAINTIFFS' REQUEST FOR LETTERS ROGATORY** <br><br> Judge: Hon. Fernando M. Olguin <br> Magistrate Judge: Hon. Alka Sagar <br> Special Master: Hon. Suzanne H. Segal (Ret). <br><br> Complaint Filed: August 3, 2020 <br> FAC Filed: November 4, 2020 <br> Trial Date: December 14, 2021 |

Before the Court is Plaintiffs' Application (the "Application") for Issuance of Letters Rogatory in Regard to Plaintiffs' Request for Documents from Non-Parties Francisco Humberto Dias (Canada) and Benjamin Samaey (Belgium). No party or non-party filed an Opposition to the Application.

Discovery from persons outside the United States is governed by Fed.R.Civ.P. 28 and, where applicable, the Hague Convention. The Hague Convention "prescribes procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Societe Nationele Industrielle Aerospatiale v. U.S. Dist. Court,* 482 U.S. 522, 524, 107 S.Ct. 2542, 96 L.Ed.2d 461 (1987). The Special Master finds that both Belgium and Canada are members of the Hague Convention. See https//www.hcch.net/en/states/hcch-members. The Hague

Convention procedures are generally available to litigants whenever they facilitate the gathering of evidence by the means the Convention authorized. *Societe Nationale Industrielle Aerospatiale,* 482 U.S. at 541. In determining whether comity warrants use of the Hague Convention procedures, the Court may take into account factors such as: 1) the importance to the litigation of the information requested, 2) the degree of specificity of the request, 3) whether the information originated in the United States, 4) the availability of alternative means to secure the information, and 5) the extent to which noncompliance would undermine important interests of the United States or of the state where the information is located. *Id.* at 544, n. 28. *See also, In re Baycol Products Litigation,* 348 F.Supp.2d 1058, 1059 (D.Minn.2004). This general comity analysis remains relevant even where the state in question has made an article 23 reservation. As Justice Blackmun noted in a separate opinion, "the emerging view of [the Article 23] exception is that it applies only to requests that lack sufficient specificity or that have not been reviewed for relevancy by the requesting court." *Societe Nationale Industrielle Aerospatiale,* 482 U.S. at 564–65 (Blackmun, J., concurring and dissenting) (internal quotation omitted). *See also, Tulip Computers Intern. B.V. v. Dell Computer Corp.,* 254 F.Supp.2d 469, 475 (D.Del.2003); *In re Baycol Production Litigation,* 348 F.Supp.2d at 1060.

In the instant case, the five factors in the comity analysis militate in favor of issuance of the Letters Rogatory. Plaintiffs have specified the requested documents and information with sufficient particularity and have established that the information sought is important to the claims being litigated. Use of Hague Convention procedures is particularly relevant where, as here, discovery is sought from a non-party in a foreign jurisdiction. *See Tulip Computers Intern. B.V.,* 254 F.Supp.2d at 474. Whether the Letters Rogatory will be executed is a matter for the appropriate foreign tribunals, rather than the Special Master, to determine. *See In re Baycol Products Litigation,* 348 F.Supp.2d at 1061 (determining that "whether the

Letter Request will be executed ... is best left to the appropriate [foreign] tribunal"); *Tulip Computers Intern. B.V.*, 254 F.Supp.2d at 475 (finding that if the requests are overly broad under the law of the [foreign tribunal], they can be narrowed by the appropriate officials).

Having reviewed Plaintiffs' application, the proposed letters rogatory, the documents filed in support of the application, and the relevant legal authorities regarding the issuance of letters rogatory, the Special Master finds that the application should be granted. In particular, the Special Master finds that Plaintiffs have made a reasonable showing that the evidence requested may be material or may lead to the discovery of material evidence. Further, the Special Master finds that the requests are relevant and proportional to the needs of the case in accordance with Federal Rule of Civil Procedure 26(b).

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

Accordingly, the Special Master will sign and issue the letters rogatory with respect to Mr. Dias (Canada) and Mr. Samaey (Belgium). The Clerk of the Court is hereby ordered to authenticate the Special Master's signature on the letters and to affix the Court's official seal in accordance with the Court's procedures on letters rogatory. The Court shall then authenticate the identity of the Clerk of the Court. Once the letters have been signed, seal-stamped, and authenticated,[1] they shall be returned to Plaintiffs for appropriate service on Mr. Dias and Mr. Samaey in Canada and Belgium.

So ORDERED this 30th day of August 2021.

DocuSigned by:

*Hon. Suzanne Segal (Ret.)*
2B739185DE71459...

Hon. Suzanne H. Segal (Ret.)
Special Master

---

[1] The Court's procedures on letters rogatory are set forth at the following web address: https://www.cacd.uscourts.gov/court-procedures/filing-procedures/letters-rogatory