FILED
CLERK, U.S. DISTRICT COURT
9/1/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: gga  DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION—LOS ANGELES

| | |
|---|---|
| DENIECE WAIDHOFER, an individual; MARGARET MCGEHEE, an individual; and RYUU LAVITZ, LLC, a Massachusetts limited liability company,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CLOUDFLARE, INC., a Delaware corporation; MULTI MEDIA, LLC, a California limited liability company; and JOHN DOES 1-21,<br><br>　　　　Defendants. | **Case No. 2:20-cv-06979-FMO-AS**<br><br>**SPECIAL MASTER'S ORDER (1) REDACTING INFORMATION FROM PROPOSED SANCTIONS MOTION; AND (2) SEALING UNREDACTED VERSION**<br><br>Judge: Hon. Fernando M. Olguin<br>Special Master: Hon. Suzanne H. Segal<br><br>Complaint Filed: August 3, 2020<br>Fac Filed: November 4, 2020<br>Trial Date: Not Set |

# ORDER

Plaintiffs intend to file a motion for sanctions against opposing counsel (the "Motion") for alleged improper questioning of one of the three Plaintiffs (referred to herein as "Movant") during her deposition. Defendants sought an order that any motion should be filed under seal on the basis that it might have become a vehicle for an improper purpose, and because Plaintiffs sought the equivalent of ethical sanctions, applications for which are routinely held confidential pending a determination of their merits. Before the matter was referred to the Special Master for determination, the Court had already ruled that portions of the Motion should be filed under seal. A hearing was held before the Special Master, and further briefing was requested on the scope of redactions.

For the reasons below, Plaintiffs shall redact the names of the attorneys against whom they seek sanctions, as well as the following information that may be used to identify them:

1. The names of the defendants, their attorneys, and their outside law firms.
2. Information about legal claims and defenses that apply to only one of the defendants.
3. Certain statements of opinion and legal conclusions in the Motion that appear to be included for an improper purpose.

Movant's name shall not be redacted, because this relief iss not properly before the Court. Plaintiff has not submitted a motion seeking this relief and cannot seek it by way of an opposition brief. However, this ruling is without prejudice. Movant may file a motion before the Special Master, seeking a protective order asking to seal or redact, for good cause, private or sensitive information from her motion, exhibits, and supporting papers.

Although the Ninth Circuit recognizes a "strong presumption" of public access to filings made in connection with dispositive motions, "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply

with equal force to non-dispositive materials." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A party seeking to seal material in connection with non-dispositive motions need only make a "particularized showing" under the "good cause" standard of Rule 26(c, instead of being required to meet the "compelling reasons" standard for sealing applicable to dispositive motions, *id.* at 1179–80. Plaintiff's proposed sanctions motion is not a dispositive motion, and Defendants have made the required "particularized showing" of good cause to redact such material. Even under the "compelling reasons" standard applicable to dispositive motions, the common-law principle of affording public access to court records and files is overridden "where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (emphasis added); *Kamakana*, 1179–80; *and see, e.g. Accenture LLP v. Sidhu*, 2011 WL 6057597, at *3 (N.D. Cal. Dec. 6, 2011) (sealing pleadings whose language indicated that they "might have become the vehicle" for "circulating libel and promot[ing] scandal relating to [the defendant] … [and] being used … as a vehicle for character assassination.").

      Here, the Special Master is concerned that the current motion fits squarely within the "vehicle for improper purpose" language of *Nixon* and *Accenture*. Despite the presence of two highly experienced counsel for Plaintiffs during the entire deposition, neither counsel raised any meaningful objection to the conduct they now claim to be worthy of sanctions. When questioned about the lack of objections during a hearing before the Special Master, counsel stated that he "regretted" the lack of objections. However, there was no compelling explanation for why neither counsel objected or attempted to stop the deposition, if the conduct was genuinely upsetting to Plaintiff. Aside from the impact of waiver on the motion, counsel's complete lack of objections undermines the credibility of Plaintiff's current assertions. This lack of credibility supports the view that Plaintiffs are filing a sanctions motion for an improper purpose.

      Certain opinions Plaintiffs (or their experts) express in the Motion, characterizing the alleged conduct of their opposing counsel, also "might have become a vehicle for

improper purposes." *See Nixon* at 598 (noting that "courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption" and that the "right of inspection has bowed before the power of a court to insure that its records are not used to … promote public scandal."). Plaintiffs' Motion and supporting exhibits contain numerous examples of inflammatory language, including conclusory accusations that counsel acted out of base, biased, or criminal motives. Plaintiffs' allegations and arguments are frequently couched in loaded language, even to the extent of accusing opposing counsel of criminal conduct, and attorney conduct during a closed deposition is repeatedly analogized to tactics employed against victims of violent crimes. All such statements of opinion shall be redacted, as set forth below, pending a decision on the merits of the Motion.

This conclusion is bolstered by the substantial body of case law that upholds the highest standard of confidentiality where ethics sanctions are sought against attorneys. Here, Plaintiffs ask the Court to sanction counsel for allegedly falling short of the standards of decorum required of officers of the Court; further, they ask the Court to refer counsel to their state bars for ethics proceedings. Under the Local Rules, disciplinary proceedings in this Court presumptively "shall not be public" until "a final order imposing discipline is entered." L.R. 83-3.1.6. State laws governing ethics referrals is to the same effect. The reasons for maintaining confidentiality, at least pending a final decision on the merits, are clear: "the reputation of an attorney is one of [their] most valued possessions," so courts across jurisdictions routinely order records of disciplinary proceedings sealed pending a final determination on their merits. *In re Moncier*, 550 F. Supp. 2d 768, 774, 775 (E.D. Tenn. 2008), *aff'd sub nom. In re Moncher*, 329 F. App'x 636 (6th Cir. 2009) ("The confidentiality rule serves to protect attorneys who may be charged with professional misconduct but have those charges later proven unfounded."). This basic principle "reflects the considered judgment that there is nothing to be gained and much to be lost, where an attorney's reputation and livelihood are concerned, by opening to the public the record of proceedings concerning

allegations of professional misconduct which are ultimately found to be groundless." *McLaughlin v. Philadelphia Newspapers, Inc.*, 465 Pa. 104, 113–15 (1975) (applying state disciplinary rule that "[a]ll proceedings involving allegations of misconduct by . . . an attorney shall be kept confidential until and unless the Supreme Court enters its order for the imposition of public discipline or the respondent-attorney requests that the matter be public or the investigation is predicated upon a *conviction* of the respondent-attorney for a crime ...") (emphasis added).

Plaintiffs' request to redact Movant's own name from her Motion and supporting papers is denied without prejudice because she has not filed her own motion seeking such relief. Redaction or sealing can only be made following a motion or application by an interested party.

\\

\\

\\

\\

\\

\\

Accordingly, it is hereby ORDERED as follows:

1. Plaintiffs shall file any Motion for Sanctions, including supporting exhibits and related papers, with the following information redacted, as specifically set forth in Attachment A hereto:

    a. the names of attorneys against whom sanctions are sought;
    b. the names of defendants, their attorneys, and the law firms representing them;
    c. information about legal claims and defenses that apply to only one of the defendants; and
    d. certain statements of opinion and legal conclusions in the Motion that might have become the vehicle for an improper purpose.

2. Because the length of the words or phrases that are redacted (i.e., the number of printed characters subject to redaction) may, in and of itself, provide information about what has been redacted, any papers publicly filed by Plaintiffs shall, to the extent practicable, replace any and all sealed information with the word **[REDACTED]**.

3. Plaintiffs' request to the name of Movant is denied without prejudice.

4. An unredacted version of the Motion for Sanctions, including exhibits, shall be provided to the Special Master and all parties at the time of filing, but shall be filed under seal on the public docket. Counsel must follow Local Rule 79 to file documents under seal.

DATED: 9/1/2021, 2021

Hon. Suzanne Segal (Ret.)
Special Master

ATTACHMENT A

1. **Redactions to Plaintiffs' Proposed Motion for Sanctions**: Plaintiffs shall redact names of attorneys, defendants, and their law firms; other identifying information; and statements of opinion, including the following:

   p. ii: lines 5, 7, 10-11 (names); line 9 (opinion)

   p. iii: line 7 (opinion, legal conclusion)

   p.1: lines 2-3, 10, 19, 22-24 (names); line 20 (identifying information)

   p.2: lines 4-5, 6, 9, 12, 13, 14, 17, 21-22, 26 (names); lines 10, 14 (opinion)

   p.3: lines 25, 28 (names); 25/26 (identifying information)

   p.4: lines 4, 10/11, 14, 21, 25, 27 (names); lines 12-13 (identifying information); line 27 (opinion)

   p.5: lines 3, 8, 12, 16, 21/22, 26 (names)

   p.6: lines 5/6, 8, 13/14, 16 (names)

   p.10: lines 16 (names); lines 7-10, 25 (opinion); lines 16-17, 18, 19-20 (identifying information)

   p.11: lines 4, 5, 6, 7-8, 14 (names); line 8 (identifying information)

   p.12: lines 5, 7, 22, 26 (names)

   p.13: lines 21-22 (names); line 20 (opinion); line 26/27 (identifying information)

   p.14: lines 8/9, 20, 23 (names); lines 2, 3-7, 7-8, 13/14, 14-15, 17-18, 18-019, 20-21, 23-27 (opinion); line 9/10 (identifying information)

   p.15: lines 8/9 (names); lines 1-6, 7-9, 11-13, 14-16/17, 17-18/19, 20/21 (opinion)

   p.16: lines 1-3, 4, 5, 7/8, 11/12, 17-18, 19, 21-28 (opinion)

   p.17: line 1 (opinion), 1-2 (names)

**2. Plaintiffs' Exhibit A Shall Be Redacted in Its Entirety**

**3. Redactions to Plaintiffs' Proposed Exhibit B:** Plaintiffs shall redact names of attorneys, defendants, and their law firms; other identifying information; and statements of opinion, including the following:

p.2: lines 6-7, 8-19, fn 2 (lines 26-28) (opinion)

p.3: lines 1-10, 11-18, 20-23, 24-25 (opinion); lines 20-21, 24 (names); line 25 (identifying information)

p.4: fn.3, 4 (opinion)

p.5: lines 2-7, 8-15, 16-17, 18, 21-23 (opinion); lines 2, 18 (names)

p.6: lines 1-7, 9-11 (opinion); lines 9 (names)

p.7: lines 5, 13-20 (opinion)

p.8: lines 2-4, 25 (opinion)

p.9: lines 1, 19-21 (opinion); line 17 (names)

p.10: lines 14, 18-22, 23, 24-27 (opinion)

p.11: lines 26-7, 8-9, 23-27 (opinion)

p.12: lines 1-4, 8, 19-22 (opinion)

p.13: lines 1-2, 3-5, 6-10, 13 (opinion)

p.14: lines 11-12 (opinion)

p.15: lines 1-5, 8-11 (opinion)

**4. Redactions to Plaintiffs' Proposed Exhibit C:** Plaintiffs shall redact names of attorneys, defendants, and their law firms; other identifying information; and statements of opinion, including the following:

p.2: ¶ 6 lines 1-2 (names)

p.3: ¶ 7 lines 3, 5, 6, 7, 9-10 (names); lines 7-8, 8-10 (opinion); ¶ 8 lines 1, 2, 5 (names); lines 6-7 (identifying information); footnotes 3, 4, and 5 (names)

**5. Redactions to Plaintiffs' Proposed Exhibit D:** Plaintiffs shall redact names of attorneys, and other identifying information, including the following:

p.1: 53.22 (names)

p.2: 54.11-13 (names)

p.4: 59.10 (names)

p.5: 63.5, 63.7, 63.12, 63.18 (names)

p.6: 63.23, 64.2 (names)

p.8: 100.25 (names)

54.1-13 (name and identifying information)