FILED
CLERK, U.S. DISTRICT COURT
9/13/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: gga DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION—LOS ANGELES

| | |
|---|---|
| DENIECE WAIDHOFER, an individual; MARGARET MCGEHEE, an individual; and RYUU LAVITZ, LLC, a Massachusetts limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>CLOUDFLARE, INC., a Delaware corporation; MULTI MEDIA, LLC, a California limited liability company; and JOHN DOES 1-21,<br><br>Defendants. | **Case No. 2:20-cv-06979-FMO-AS**<br><br>**SPECIAL MASTER'S ORDER REGARDING SCOPE OF MATTERS BEFORE SPECIAL MASTER DURING STAY OF PROCEEDINGS**<br><br>Judge: Hon. Fernando M. Olguin<br>Special Master: Hon. Suzanne H. Segal<br><br>Complaint Filed: August 3, 2020<br>Fac Filed: November 4, 2020<br>Trial Date: Not Set |

On July 6, 2021, District Judge Olguin issued an order appointing a Special Master. On July 26, 2021, the parties submitted a stipulation and proposed order to the District Judge regarding a stay of the proceedings while Defendants' Motion to Dismiss is pending before the Court. The proposed order regarding the stay of proceedings was signed and entered on July 27, 2021.

The parties dispute the meaning of the language used in the stipulation for a stay. Plaintiffs contend that the language means that the Special Master should consider any disputes based on discovery served prior to the Court-ordered stay, as well as any disputes regarding requests to serve new discovery based upon a showing of good cause. Defendants contend the scope of the stay should extend only to disputes concerning "outstanding discovery issues" that were "currently pending" as of the July 26 Joint Stipulation and application for stay.

The Special Master finds that Defendants' interpretation is consistent with the intent of a stay of proceedings. The parties stayed the proceedings to avoid unnecessary costs and expenses of litigation, including the cost of new discovery disputes, while a dispositive motion is pending before the District Judge. Plaintiffs' interpretation would increase costs during the stay by inviting the parties to engage in meet and confers and briefing or hearings over new discovery issues, not raised prior to the stay. The Special Master finds that these disputes will not be prejudiced by waiting for the Court's resolution of the Motion to Dismiss. However, if these new discovery matters are

presented to the Special Master during the stay, the parties may incur unnecessary costs associated with the Special Master's review and resolution of such matters.

Accordingly, the scope of matters that may be brought to the Special Master is defined as any outstanding discovery matters that were "currently pending" prior to the July 26, 2021 stipulation and proposed order.

IT IS SO ORDERED.

DATED: September 13, 2021

Hon. Suzanne Segal (Ret.)
Special Master