Michael S. Elkin (*pro hac vice*)
melkin@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
Thomas J. Kearney (SBN: 267087)
tkearney@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone:   (415) 591-1000
Facsimile:   (415) 591-1400

Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:   (213) 615-1750

*Attorneys for Defendant
CLOUDFLARE, INC.*

*(Additional counsel on signature page)*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION—LOS ANGELES**

| | |
|---|---|
| DENIECE WAIDHOFER, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CLOUDFLARE, INC., et al., <br><br> Defendants. | Case No. 2:20-cv-06979-FMO-AS <br><br> **SECOND JOINT *EX PARTE* APPLICATION TO CONTINUE COURT-ORDERED STAY OF DEADLINES** <br><br> Date: October 4, 2021 <br> Judge: Hon. Fernando M. Olguin <br><br> Complaint Filed: August 3, 2020 <br> FAC Filed: November 4, 2020 <br> Trial Date: None Set |

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS:

Pursuant to the Court's July 27, 2021 Order on Joint Stipulation and Application for Stay of All Deadlines (ECF 193), Plaintiffs Deniece Waidhofer, Margaret McGehee, and Ryuu Lavitz LLC (collectively, "Plaintiffs") and Defendants Cloudflare Inc. ("Cloudflare") and Multi Media LLC ("Multi Media," and defendants collectively, "Defendants") jointly apply *ex parte* (the "Application") for an order continuing the Court-ordered stay of pending deadlines until the Court has ruled on all motions to dismiss and all Defendants remaining in the case have filed answers. The Application is based on this Notice, the Memorandum of Points and Authorities attached hereto, matters of which this Court may take judicial notice, and any and all other materials the Court deems proper. The parties met and conferred by email on October 3 and 4, 2021, and agreed to file this Application jointly.

DATED: October 4, 2021

WINSTON & STRAWN, LLP

By: *s/ Jennifer A. Golinveaux*
Jennifer Golinveaux
Attorney for Defendant
Cloudflare Inc.

QUINN EMANUAL URQUHART & SULLIVAN, LLP

By: */s/ Michael T. Zeller*
Michael T. Zeller
Attorney for Defendant
Multi Media, LLC

REESE MARKETOS, LLP

By: */s/ Brett S. Rosenthal*
Brett S. Rosenthal
Attorney for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rules 16-14 and 7-19, the parties file this joint *Ex Parte* Application continue the July 27, 2021 stay (ECF 193) until the Court has ruled on all motions to dismiss and all Defendants remaining in the case have filed answers.

On July 26, 2021, the parties jointly stipulated and applied to stay all pending case deadlines. ECF 190 (the "Initial Stay Application"). The Court granted the application on June 27, staying "all pending deadlines" and ordering the parties to file, within five days of the Court's ruling on Defendants' then-pending motions to dismiss, a proposed schedule for any remaining case deadlines. ECF 193. On September 29, 2021, the Court ruled on Defendants' motions. ECF 206. For substantially the same reasons stated in the Initial Stay Application, the parties jointly stipulate and apply to continue the Court-ordered stay of pending deadlines on the same terms as the previous stay.

The Defendants have not yet filed responsive pleadings or asserted affirmative defenses, and the Magistrate Judge has ruled that discovery regarding affirmative defenses is premature until those defenses have been pled. *See* ECF 132 at 5. To the extent Defendants file responsive pleadings, additional fact discovery may be necessary, but the scope of such discovery is not yet known. Similarly, to the extent Defendants file a motion under Rule 12, the Court's resolution of any such motion or motions, as well as any subsequent repleading by Plaintiffs, may also affect the scope and subject matter of fact and/or expert discovery.

Accordingly, in order to avoid duplication of effort and expenses associated with expert discovery, any additional fact discovery that may be necessary concerning Defendants' defenses, summary judgment briefing, and trial preparation, the parties jointly ask the Court to continue the stay on the same terms as the July 27, 2021 stay until the Court has ruled on all motions to dismiss and all Defendants

remaining in the case have filed answers.  Once the Court has ruled on all motions to dismiss and all Defendants remaining in the case have filed answers, the parties will propose an amended schedule for the stayed items.

This is the fourth scheduling extension the parties have requested. This Court granted the parties' previous requests ECF 155, 177, 190. Because case deadlines, including the trial date, are currently stayed, this request will not affect any pending deadlines. It could have the effect of requiring that the trial date be continued to 2022.

**FACTUAL BACKGROUND**

The original Complaint in this case was filed August 4, 2020, ECF 1, and the First Amended Complaint ("FAC") was filed on November 4, 2020, ECF 68. Cloudflare and Multi Media each filed motions to dismiss, which suspended their obligation to file responsive pleadings under Federal Rule 12(a)(4). ECF 84, 85. The parties commenced fact discovery in or around October 2020, and have also been engaged in motion practice related to discovery. Discovery was overseen by Magistrate Judge Sagar for several months; however, the Court appointed the Hon. Suzanne Segal (Ret.) as Special Master to oversee discovery on July 7, 2021. ECF 185. Fact discovery closed on July 23, 2021, and on July 27, the Court ordered all pending case deadlines stayed pending a ruling on Defendants' motions to dismiss. ECF 193. The Court issued a ruling on Defendants' motions to dismiss on September 29, 2021. ECF 206. The Court dismissed certain of Plaintiffs' claims, with leave to amend some of them, and ordered Plaintiffs to file a SAC on or before October 13, 2021. *Id.* The Court further ordered Defendants to answer or move to dismiss the SAC no later than October 27, 2021. *Id.*

Plaintiffs have not yet filed the SAC—which will supersede their current claims—and accordingly, Defendants have not yet filed responsive pleadings or asserted any affirmative defenses to Plaintiffs' operative claims. Nor have

Defendants yet determined whether they will move to dismiss the SAC. *See id.* The magistrate judge has previously ruled that discovery regarding any affirmative defenses would be premature until the defenses had been pled. *See* ECF 132 at 5. With the exception of the Court-ordered deadlines for Plaintiffs to file a SAC, and for Defendants to answer or move to dismiss, all case deadlines are currently stayed pursuant to the Court's July 27, 2021 Order. ECF 193.

The parties have conferred and agreed that in order to prevent unnecessary expense, the stay should be continued on the same terms as the July 27, 2021 stay until the Court has ruled on all motions to dismiss and all Defendants remaining in the case have filed answers.

## LEGAL STANDARD

"A district court has the inherent power to stay its proceedings. This power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Sleep No. Corp. v. Sizewise Rentals,* 2019 WL 1091335, at *2 (C.D. Cal. Feb. 12, 2019) (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)); *see Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

## ARGUMENT

The parties have largely completed fact discovery related to the Plaintiffs' affirmative claims, subject to a few loose ends that are still being worked out before the Special Master.[1] Fact discovery closed on July 23, 2021. ECF 177, 190. However, the parties have not yet been able to engage in fact discovery regarding Defendants' respective defenses because those defenses have not yet been pled.

---

[1] The parties agreed that, in connection with the previous stay, they may continue to resolve outstanding discovery issues that are currently pending, but they will not pursue new fact discovery during the stay period (such as newly requested RFPs, depositions, or interrogatories) absent good cause. The scope of said stay has already been ruled on by the Special Master. (Sept. 13, 2021 Special Master's Order (Dkt. No. 203).)

Plaintiffs' SAC and Defendants' responses may affect the scope of the case; and if Defendants move to dismiss the SAC, the Court's decision on such a motion and any repleading by Plaintiffs also may affect the scope of the case.

Given these realities, the parties believe that extending the current stay until the Court has ruled on all motions to dismiss and all Defendants remaining in the case have filed answers, "likely will be a better use of the Court's, counsels', and the litigants' time and resources." *See Harris v. Parisian*, 2007 WL 1140657, at *2 (D. Mont. Apr. 16, 2007). If Defendants serve responsive pleadings and assert affirmative defenses, that will require additional fact discovery and expert work, the scope of which is not yet ascertainable. If Defendants move to dismiss under Rule 12, the Court will need time to decide any such motions, and if they are granted, Plaintiffs might be granted leave to replead or the case could be over altogether. In either event, the case deadlines will need to be adjusted, but it is presently unclear what new deadlines would be reasonable. The parties respectfully submit that continuing the current stay as proposed would avoid uncertainty and the risk of unnecessary expense and repetition of effort.

## CONCLUSION

The Court should grant the parties' Second Joint *Ex Parte* Application to Continue Court-Ordered Stay of All Deadlines until the Court has ruled on all motions to dismiss and all Defendants remaining in the case have filed answers, at which time the parties will propose a new schedule.

Respectfully submitted,

Dated: October 4, 2021  WINSTON & STRAWN LLP

By: */s/ Jennifer A. Golinveaux*
Jennifer A. Golinveaux
Thomas J. Kearney
101 California Street, 35th Floor
San Francisco, CA 94111-5840
(415) 591-1000 (telephone)

jgolinveaux@winston.com
tkearney@winston.com

Michael S. Elkin
200 Park Avenue
New York, NY 10166
 (212) 294-6700 (telephone)
melkin@winston.com

Erin R. Ranahan
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 615-1700 (telephone)
eranahan@winston.com

*Attorneys for Defendant
CLOUDFLARE, INC.*

By:   */s/ Michael T. Zeller*
Michael T. Zeller
QUINN EMANUAL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000 (telephone)
michaelzeller@quinnemanuel.com

*Attorneys for Defendant
MULTI MEDIA, LLC*

By:   */s/ Brett S. Rosenthal*

REESE MARKETOS LLP
Brett S. Rosenthal (*pro hac vice*)
Joshua M. Russ (*pro hac vice*)
Joel W. Reese (*pro hac vice*)
750 N. Saint Paul Street, Ste. 600
Dallas, Texas 75201-3202
Telephone: (214) 382-9810
brett.rosenthal@rm-firm.com

REITER GRUBER LLP
Charles Reiter (SBN 306381)
Robert Gruber (SBN 301620)
100 Wilshire Blvd, Suite 700
Santa Monica, California 90401-3602
Telephone: (310) 496-7799
creiter@reitergruber.com

*Attorneys for Plaintiffs*

## CERTIFICATES OF SERVICE AND AGREEMENT

The undersigned hereby certifies that a copy of this filing will be served on the date of filing on all counsel of record via the Court's electronic filing system. The undersigned further certifies that the foregoing was filed with the consent of all parties' counsel.

Dated: October 4, 2021

                                         */s/ Jennifer A. Golinveaux*
                                         Jennifer A. Golinveaux